94 So.2d 361 (1957)
Martin G. STAUF, Appellant,
v.
Allen HOLDEN and Daniel J. Harkins, Appellees.
Supreme Court of Florida, En Banc.
February 13, 1957.
On Rehearing April 3, 1957.
Further Rehearing Denied May 2, 1957.
E.F.P. Brigham and Brigham, Black, Niles & Wright, Miami, for appellant.
Reece & Murray, Miami, for appellee Allen Holden.
Royal Flagg Jonas, Miami Beach, for appellee Daniel J. Harkins.
PER CURIAM.
Affirmed.
HOBSON, ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.
TERRELL, C.J., and THOMAS, J., dissent.

On Rehearing Granted
PER CURIAM.
On rehearing granted we have reconsidered appellant's assignment of error directed to charge number 23 which was requested by the appellee Holden and given by the trial court in this cause, which was a suit by a patient against his physicians *362 for malpractice. The questioned charge is as follows:
"In a case against a physician for malpractice, the professional character and reputation of the physician is the most important matter at stake, and hence he should not be condemned by evidence that does not point to his negligence."
When we first considered this assignment it was the view of a majority of the court that when considered in the light of all the charges given, it could not be said that it misled the jury and resulted in reversible error. On reconsideration, however, we must recede from that view.
As a fundamental proposition, had the lower court allowed the introduction of testimony by the physicians or others qualified to testify that an adverse verdict and judgment in a case against a physician involving malpractice would result in great injury to the professional character and reputation of a physician, such would have clearly required a reversal. We see little difference in allowing the introduction of testimony of that nature and the giving of the questioned charge. If anything, the extent of the error would have been greater in the latter case for the charge was a statement of the trial court to the jury that, in the consideration of their verdict, even should they conclude that the physicians had been negligent and that such negligence proximately contributed to the plaintiff's injuries, they were entitled to weigh against that the effect that their findings and verdict would have upon the professional character and reputation of the defendants. It is obvious that the court erred when he gave the instruction and on reconsideration we must conclude that the remaining charges of the court could not have erased this charge from the minds of the jury nor have rendered it harmless.
The questioned charge was obviously taken from the eighth headnote in the case of Foster v. Thornton, 125 Fla. 699, 170 So. 459. We do not believe that the headnote reports the effect of the observation of the Justice writing the opinion relating, as an abstract proposition, to the issues in malpractice suits. Moreover, such observations were not necessary nor material to the decision in that case and were clearly obiter dicta.
We must, therefore, and hereby do recede from the former judgment of affirmance in this case. The judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.
TERRELL, C.J., and THOMAS, HOBSON, ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.