99 So.2d 730 (1958)
Irving ZARETSKY, Appellant,
v.
Milton B. JACOBSON and Solomon B. Goldman, Appellees.
No. 57-313.
District Court of Appeal of Florida. Third District.
January 23, 1958.
Rehearing Denied February 7, 1958.
*731 Benjamin Agronow and Robert B. Fensholt, Miami, for appellant.
Dixon, DeJarnette, Bradford & Williams, Miami, for appellees.
HORTON, Judge.
The appellant, plaintiff in the court below, brought an action against the appellees who are physicians, charging that the appellees took the appellant into surgery to perform what he, the appellant, thought was an operation on a hernia, and instead, the appellees, without the appellant's knowledge and consent, performed a highly technical and dangerous operation known as an aortagram; that during the course of the operation, the appellees inserted a large needle into the skin at the tip of one of the appellant's ribs for the purpose of entering the aorta and that the needle was inserted in a careless and negligent manner by the appellees or one of them so that it came in contact with the spinal cord, or, in the alternative, ruptured a blood vessel next to the spinal cord, damaging nerves controlling the lower extremities of the appellant's body and as a result thereof, caused the appellant to suffer a paralysis in the lower part of the body. The appellees filed answer to the complaint denying the material allegations, to wit: (a) the lack of consent and (b) negligent treatment. The appellee, Goldman, denies that he made any tests upon the appellant or undertook any operative procedures upon him.
After depositions had been taken of the appellant, appellees and others, the appellees moved for a summary judgment upon the pleadings and depositions on file, upon the theory that there was no genuine issue as to any material fact and that the appellees were entitled to a judgment as a matter of law. The lower court granted the motion and entered summary final judgment in favor of the appellees. This appeal is from that judgment.
The appellant has made three assignments of error, all of which go to the alleged error of the lower court in entering the summary final judgment, and contending that there was a genuine issue as to material fact that precluded the entry of such a judgment. In the main, the appellant contends that the aortagram was performed without his knowledge and consent, but also urges the sufficiency of the depositions to show negligent performance of the aortagram on the part of the appellees.
The appellees in their brief have posed only one question which, in substance, goes to the lack of expert medical testimony to support the allegations of specific negligence, in the absence of which, they contend, the summary judgment would be justified.
An examination of the pleadings discloses that there are two issues of fact raised  first, whether or not the appellant gave his consent to the diagnostic procedure know as an aortagram, and secondly, whether or not in performing the aortagram, the appellees did so in a negligent manner. A reading of the record, including the depositions, convinces this court that the issue of consent raised by the pleadings was not fully and adequately concluded so as to warrant the entry of the summary judgment. In Chambers v. Nottebaum, Fla.App. 1957, 96 So.2d 716, 718, this court commented at length on the question of consent to an operation by a patient. We said there:
"The rule is well established which prevents a doctor from operating on a patient without his express or implied consent, or in a manner contrary to the patient's expressed instructions." See Wall v. Brim, 5 Cir., 138 F.2d 478, 481.
Further considering the depositions, it is well to point out that the appellant has specifically denied that he knew or was advised by the appellees that he was to undergo an aortagram procedure. It is *732 also true that the appellees, without specifically saying so, just as vigorously contend that the appellant knew that such procedure was to be conducted, and thereby impliedly gave his consent. This in itself created a conflict which we feel precluded the lower court in deciding as a matter of law that no genuine issue of material fact existed. When a genuine issue as to a material fact does exist in a cause, the court should not resolve the matter by entering a summary judgment. See Wilson v. Bachrach, Fla. 1953, 65 So.2d 546.
This court having concluded that the entry of a summary judgment was error, it therefore becomes unnecessary at this time to pass upon the other questions raised. Accordingly, the summary final judgment appealed from should be and is hereby reversed.
Reversed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.