CARROLL, CHAS., Judge.
Appellant filed an action for damages against the appellee doctors following adverse results of an operation, charging negligence and trespass to his person. On the first appearance of the case here we reversed a summary judgment for defendants. Zaretsky v. Jacobson, Fla.App. 1958, 99 So.2d 730. The present appeal is from a judgment for defendants based on a jury verdict. We now find error and reverse the case for a new trial, because the court charged the jury that in an action for malpractice the professional character and reputation of the physician was the most important matter at stake. That charge was condemned by the Supreme Court in Stauf v. Holden, Fla.1957, 94 So. 2d 361, on rehearing granted, where the impropriety and the harmful effect of the charge were outlined. On reading the charges given in the instant case we must conclude that they were not such as could render harmless the charge in question or erase it from the minds of the jury.
In Stauf v. Holden, supra, the Supreme Court said (94 So.2d at page 362):
“As a fundamental proposition, had the lower court allowed the introduction of testimony by the physicians or others qualified to testify that an adverse verdict and judgment in a case against a physician involving malpractice would result in great injury to the professional character and reputation of a physician, such would have clearly required a reversal. We see little difference in allowing the introduction of testimony of that nature and the giving of the questioned charge. If anything, the extent of the error would have been greater in the latter case for the charge was a statement of the trial court to the jury that, in the consideration of their verdict, even should they conclude that the physicians had been negligent and that such negligence proximately contributed to the plaintiff’s injuries, they were entitled to weigh against that the effect that their findings and verdict would have upon the professional character and reputation of the defendants. It is obvious that the court erred when he gave the instruction and on reconsideration we must conclude that the remaining charges of the court could not have erased this charge from the minds of the jury nor have rendered it harmless.
“The questioned charge was obviously taken from the eighth headnote in the case of Foster v. Thornton, 125 Fla. 699, 170 So. 459. We do not believe that the headnote reports the effect of the observation of the Justice writing the opinion relating, as an abstract proposition, to the issues in malpractice suits. Moreover, such observations were not necessary nor material to the decision in that case and were clearly obiter dicta.”
Without implying a ruling on the assignments of error relating to the giving or refusal to give charges other than those mentioned below, we note, for guidance of the trial court on a new trial, that defendants’ requested charge number 9 should not have been given; that plaintiff’s requested charge number 9 should have been given; and that the first sentence of plaintiff’s requested charge number 10 was proper, but the second sentence, which was not proper, justified the refusal of that charge.
Because of the production by defendants of written consents to be operated *759 upon undeniably signed by plaintiff, the trial judge was eminently correct in his charge to the jury, claimed by plaintiff to be error, that the hospital records disclosed plaintiff’s consent to the operation. Therefore the judgment for defendants was proper on the count or demand based on trespass. On remand, new trial will not involve trespass, but only the negligence claim.
Affirmed in part and reversed in part, and cause remanded for new trial.
PEARSON, Acting C. J., and LOPEZ, AQUILINO, JR., Associate Judge, concur.