159 So.2d 888 (1963)
Dale BOWERS, a minor, by and through his father and next friend, James N. Bowers, and James N. Bowers, individually, Appellants,
v.
Edward A. TALMAGE, Appellee.
Dale BOWERS, a minor, by and through his father and next friend, James N. Bowers, and James N. Bowers, individually, Appellants,
v.
Theodore J. Von STORCH, Appellee.
Nos. 62-605, 62-703.
District Court of Appeal of Florida. Third District.
December 3, 1963.
Rehearing Denied February 12, 1964.
Johnson, Gaine & Kaiser; Sam Daniels, Miami, for appellants.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for Talmage.
Carey, Goodman, Terry, Dwyer & Austin and Joseph A. McGowan, Miami, for von Storch.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
CARROLL, Judge.
These consolidated appeals are from separate judgments in a malpractice case. The questions presented are whether the trial court erred (1) in granting a summary judgment for Dr. Talmage and (2) in directing a verdict for Dr. von Storch at the close of the plaintiffs' case.
*889 Appellants sued appellees (and other doctors who are not involved here) for damages charging malpractice proximately causing injury to the minor plaintiff. We affirm the summary judgment rendered for Dr. Talmage who was the anesthesiologist, but reverse the judgment for Dr. von Storch which was based on a directed verdict.
The injured plaintiff was a nine year old boy. Because he had spells (seeing things, etc.) the boy's mother took him to a Dr. Baxter, who recommended he be examined by Dr. von Storch, a neurologist. Being in doubt as to whether the boy's trouble was emotional or organic, Dr. von Storch suggested an exploratory type of surgical process, an arteriogram, rather than to submit him to psychiatric treatment. There was no emergency requiring the operation. It was optional and alternative to treatment without it. The operative procedure suggested by Dr. von Storch was a dangerous one, in which three per centum of cases were known to result in death, paralysis or other injurious outcome. In this instance the operation resulted in the partial paralysis of the boy.
Appellants argue, and this record bears them out, that there were conflicts in the evidence presenting an issue for the jury on the material question of whether informed consent for the operation was obtained from the parents. Their consent to the operation was requisite. Zaretsky v. Jacobson, Fla.App. 1958, 99 So.2d 730, Chambers v. Nottebaum, Fla.App. 1957, 96 So.2d 716; 25 Fla.Jur., Physicians and Surgeons, § 80. Unless a person who gives consent to an operation knows its dangers and the degree of danger, a "consent" does not represent a choice and is ineffectual. See e.g., Woods v. Brumlop, 71 N.M. 221, 377 P.2d 520, 524; Annot. 79 A.L.R.2d 1028. Cf. Zaretsky v. Jacobson, supra. Dr. von Storch was under a duty to adequately inform the parent or parents of the child as to the dangers to be anticipated as a result of the operation, and not to minimize them, and no grounds for exceptions to that rule were shown. See Williams v. Menehan, 191 Kan. 6, 379 P.2d 292; Woods v. Brumlop, supra. Whether Dr. von Storch complied with that duty was, on this record, a question for jury determination. Here there was evidence the parents were not informed by Dr. von Storch of the dangers incident to the operation, and there was testimony by neurosurgeons it was customary to inform those who would make such a decision that the operation was a dangerous procedure.
Dr. von Storch arranged for the operation to be made by Dr. Yates who proceeded, as he was entitled to do, on consent having been obtained by Dr. von Storch. Govin v. Hunter, Wyo. 1962, 374 P.2d 421, 423-424. The argument of appellees that the verdict in favor of Dr. Yates who performed the operation relieved Dr. von Storch of liability is without merit, as the bases for liability and for nonliability as to them were different.
With regard to the summary judgment for the anesthesiologist Talmage, it has not been shown that the trial judge was in error, and no useful purpose would be served by a discussion of the evidence on that feature.
The judgment entered for Dr. Talmage (appeal No. 62-605) is affirmed.
The judgment entered for Dr. von Storch (appeal No. 62-703) is reversed, and the cause is remanded for a new trial as to that defendant.