166 So.2d 912 (1964)
Charlotte HARWICK and Earl Harwick, her husband, Appellants,
v.
Robert HARRIS, Appellee.
No. 63-441.
District Court of Appeal of Florida. Third District.
August 11, 1964.
*913 Orr & Kaplan, Miami, Morris Abram, New York City, for appellants.
Blackwell, Walker & Gray, James E. Tribble and Carl Pete Stephens, Jr., Miami, for appellee.
Before BARKDULL, C.J., and CARROLL, J., and DuVAL, HARVIE, Associate Judge.
CARROLL, Judge.
This is a companion case to Russell v. Harwick, Fla.App. 1964, 166 So.2d 904, decided this date. The facts are sufficiently stated in the opinion in the Russell case. The action for negligence which also was against Dr. Harris, was tried before a jury and a separate verdict was rendered in favor of the defendant Harris. The plaintiffs Charlotte Harwick and Earl Harwick, her husband, then filed their separate appeal from the judgment in favor of Harris. They make two points. First, it is contended that Dr. Harris incurred liability for his failure to inform the plaintiffs regarding the operative procedures proposed and contemplated by the orthopedic surgeon Dr. Russell. Second, that Dr. Harris was negligent with reference to the postoperative treatment of Mrs. Harwick.
We find no merit in either contention. The fact that Dr. Harris was asked to "take charge" did not make him responsible for the selection of the surgical processes used by the orthopedic surgeon, as the facts show the determination and selection of those were made by the surgeon. The authorities relied on by appellants as to the necessity for consent and informed consent to an operation are not applicable as to Dr. Harris, who did not choose and advise the surgical processes to be used by the orthopedic surgeon. That represents a material factual distinction from Bowers v. Talmage, Fla.App. 1964, 159 So.2d 888. Three days after the operation, when, according to evidence which the jury was entitled to accept and rely upon, Dr. Harris was in a position to assume proper recovery was in progress, he withdrew because, as stated by him, he saw no need to add to the expense by staying on the case. He remained ready to return to the case if needed.
On the evidence presented the jury was well within its province in ruling as it did in favor of Dr. Harris, and the judgment appealed from is affirmed.
Affirmed.