REED, Chief Judge.
This is an appeal by the defendant from a judgment of the Circuit Court for Palm Beach County, Florida, for $160,976.35 in a personal injury action. The issues on appeal involve the sufficiency of the evidence and the admissibility of certain testimony going to the question of defendant’s negligence.
The complaint alleged that the defendant was negligent in the operation of a train through a crossing in the City of West Palm Beach. From the complaint, defend *394 ant’s negligence involved the failure of the train crew to give adequate warning of the train’s approach; defendant’s failure to maintain necessary warning signs at the crossing; defendant’s failure to install and maintain a safety gate at the crossing, and defendant’s failure to remove shrubs and hushes from the right of way which obstructed a motorist’s view of the crossing. The answer denied negligence, and the cause was tried before a jury which returned a verdict against the defendant. The final judgment and this appeal followed in due course.
The evidence tends to indicate that on 11 August 1966 at about 9:45 a. m. the plaintiff was riding as a passenger on a motorcycle which collided with a train operated by employees of the defendant. The train consisted of a switch engine and three freight cars. As the train was moving south through a crossing at Belvedere Road in the City of West Palm Beach, the motorcycle on which the plaintiff was riding as a passenger impacted with a boxcar to the rear of the engine. The crossing was marked by crossbuck signs on metal posts. Mounted on each post were dual lights and an alarm bell. These were designed to flash and ring when the train approached the crossing. No safety gates had been erected at the crossing, although an ordinance of the City of West Palm Beach in force and effect at the time of the accident required the defendant to erect and maintain such gates.
The appellant’s first point on appeal brings into question the sufficiency of the evidence to support the jury verdict. The appellant contends that the verdict on the issue of liability is against the manifest weight of the evidence and contrary to law. Our review of the record indicates there was competent substantial evidence on all elements of the tort charged to the defendant. Hence there is no merit to the first point. Midstate Hauling Company v. Fowler, Fla.1965, 176 So.2d 87, 88.
For whatever it may be worth to those who present cases in this court, we might comment on a matter of form which appears in the appellant’s brief. In discussing the sufficiency of the evidence under Point I and with reference to the situation as the train approached the crossing, the appellant makes the unqualified statement “. . . the automatic lights at the crossing were properly flashing. .” Later in the brief, the appellant in discussing its second point states :
“Since there was testimony that the automatic flashing lights failed to operate, it became necessary to adduce testimony from the person responsible for their maintenance as to their operation and his inspection of them. . . .” (Emphasis added.)
We take note of this apparent inconsistency in the appellant’s brief for the simple reason that we would like to point out that in the preparation of an appellate brief, the factual situation should never be portrayed to the appellate court as unqualifiedly established by the record where the record contains conflicting evidence. In view of the heavy work load of this and other appellate courts, it is essential that those who present cases for appellate review accurately portray the state of the record as it developed in the trial court. Any other approach to an appellate presentation only serves to increase judicial labor and subject the appellant to the possibility of penalties under Rule 3.17, F.A.R., 32 F.S.A. The foregoing is not intended to be critical of the appellant. It is offered in the hope of correcting a problem which this court has frequently observed in the cases coming before it.
Appellant states its second point as follows :
“The court erred in refusing to allow defendants’ witness, I. E. Scott, to testify with regard to his findings when he examined the automatic signal devices at the subject crossing on August 12, 1966, the day after the accident.”
*395 One aspect of the negligence charged to the defendant was its alleged failure to maintain necessary warning signs at the crossing. In support of this allegation, the plaintiff adduced the testimony of several witnesses who were at or near the crossing at the time of the accident. From their testimony, the jury could have inferred that the electric signals mounted at the crossing did not function when the train approached and entered the crossing. For example a witness by the name of David Lyons testified that he saw two men on a motorcycle approaching the crossing. At that time the lights and bell were not functioning. Immediately after the collision he ran to the intersection and the lights and bell were still not working. He stated that some time after the collision, he observed the lights flashing. Similar testimony was given by two other witnesses, and the testimony of the plaintiff tended to corroborate the testimony with respect to the inaction of the signals.
To rebut this testimony, the defendant offered the testimony of Mr. I. E. Scott, an employee of the defendant responsible for the maintenance of the signals. Mr. Scott testified that he inspected the signal devices on the day after the accident, but he was not allowed to testify as to their condition at that time. We believe that such testimony was relevant to a material fact in issue and should have been allowed to go to the jury for whatever weight the jury might have decided to attach to it. The law favors the admission of all relevant evidence, unless it is excluded by some specific principle of law. 31 A C.J.S. Evidence § 158, p. 427. Evidence of the condition of a machine at a point in time subsequent to the time under investigation may be so remote as to be without probative value. We recognize that the determination of the relevancy and materiality of such evidence rests within the discretion of the trial judge. However, we conclude that the testimony in question should have been admitted as relevant evidence of the condition of the lights at the time of the accident because of the short time lapse between the time of the accident and Mr. Scott’s observations and the relatively stable nature of the equipment involved. See 32 C.J.S. Evidence § 585, p. 714.
Point III of the appellant reads as follows :
“The court erred in refusing to allow defendants’ witness Frederick Hollings-worth, to testify with regard to the lawsuit filed by defendant against the City of West Palm Beach relating to gates at the subject crossing and the subsequent agreement between the parties to that suit regarding the installation of said gates.”
Prior to the accident in question, the City of West Palm Beach had enacted an ordinance which required the defendant to erect and maintain safety gates at the crossing. A copy of this ordinance was introduced in evidence. Prior to the accident, the defendant had filed a suit in the Federal District Court for the Southern District of Florida attacking the validity of the ordinance. The District Court ruled adversely to the defendant on 25 January 1966. At the time of the accident, the ruling of the U. S. District Court was pending on appeal to the Fifth Circuit Court of Appeals. Before the accident and while the litigation was pending in the federal court, the attorney for the City of West Palm Beach entered into an understanding with the defendant that the City would not enforce the ordinance until the federal appellate court ruled. The defendant, in an effort to explain the absence of the gates required by ordinance, proffered the foregoing facts through the testimony of one Frederick Hollingsworth, formerly an attorney for the City of West Palm Beach. The proffered testimony was objected to by the plaintiff and the objection was sustained by the trial court. We hold that the sustaining of this objection was error.
The appellant contends that the ordinance was a traffic ordinance the viola *396 tion of which, under the doctrine of Allen v. Hooper, 1937, 126 Fla. 458, 171 So. 513, constitutes prima facie evidence of negligence. The appellee does not seem to disagree with this assertion and in fact sought and obtained from the trial court an instruction to the jury embodying that principle. We agree with the appellant that the ordinance in question is of the type the violation of which constitutes only prima facie evidence of negligence. See Jones v. Florida East Coast Railroad Company, Fla.App.1969, 220 So.2d 922.
Under the rule of Allen v. Hooper, supra, such a prima facie showing of negligence may be overcome by evidence of other facts and circumstances which tend to eliminate the character of negligence from the transaction. The proffered evidence was, therefore, appropriate for the limited purpose of explaining the absence of the gates and thereby creating at least a permissible inference for the jury that the failure to place the gates in accordance with the terms of the ordinance was not conduct below the standard which would normally be followed by the reasonably careful person.
 The appellant argues in its brief that the proceeding in the federal court system had the effect of excusing the defendant from obeying the ordinance until its validity had been determined therein. The appellant’s brief states at pages 27 and 28:
“. . . Thus, until such final adjudications by that Court (meaning the federal appeals court), it was as though there was no ordinance and the requirement of gates did not exist.”
We do not agree with this proposition and hold only that the proffered evidence should have been admitted for the limited purpose mentioned above. Insofar as we are aware, the proceedings in the federal courts did not in any way suspend the legal efficacy of the ordinance. A regularly enacted municipal ordinance is presumed to be valid, until the contrary is shown by the party challenging it, and no such contrary showing was made in this case. State ex rel. Office Realty Co. v. Ehinger, Fla.1950, 46 So.2d 601.
Because of the errors noted above the final judgment is reversed as to the issues on liability only and the 'cause remanded to the trial court for a new trial on those issues. If on retrial, a verdict is returned adverse to the defendant, a judgment for plaintiff should be entered for the damages heretofore established by jury verdict.
Reversed and remanded with instructions.
WALDEN, J., and MORROW, RUSSELL O., Associate Judge, concur.