360 So.2d 27 (1978)
Julia B. REESE, Appellant,
v.
SEABOARD COASTLINE RAILROAD COMPANY, National Railroad Passenger Corp., a/K/a Amtrak, and D.F. Cook, Individually, Appellees.
No. 76-2063.
District Court of Appeal of Florida, Fourth District.
June 7, 1978.
Rehearing Denied July 17, 1978.
*28 Chandler R. Muller and Kirk N. Kirkconnell of Muller & Kirkconnell, P.A., Winter Park, for appellant.
Janis M. Halker of Lippincott & Halker, Winter Park, and Gurney, Gurney & Handley, P.A., Orlando, for appellees.
ANSTEAD, Judge.
The appellant, Julia B. Reese, is here seeking a new trial in a railroad accident case, claiming error in the exclusion of evidence and an improper verdict. We reverse.
Reese was a passenger in an automobile driven by Clarence James which was struck by a northbound Amtrak passenger train. There was conflicting evidence presented at trial as to the operation of the warning signals at the crossing and the condition of the railroad right-of-way near the crossing in regard to visual obstructions. The trial court refused to admit evidence as to the warning signals' operation the day after the accident and of a railroad regulation restricting the height of vegetation in the railroad right of way.
Reese sustained severe and permanent injuries. The jury returned a special verdict finding James 95 percent responsible for the accident and the railroad 5 percent responsible. In answer to the verdict question asking for the total amount of Reese's damages, the jury wrote in "$25,000.00 medical expenses".
The first point on appeal concerns the admissibility of evidence of the failure of the crossing signals on the day after the accident. There was conflicting evidence presented as to whether the warning bells and lights were operating at the time of the accident. In the case of Seaboard Air Line Railroad Company v. Hawes, 269 So.2d 392 (Fla. 4th DCA 1972) this court held:
To rebut this testimony, the defendant offered the testimony of Mr. I.E. Scott, an employee of the defendant responsible for the maintenance of the signals. Mr. Scott testified that he inspected the signal devices on the day after the accident, but he was not allowed to testify as to their condition at that time. We believe that such testimony was relevant to a material fact in issue and should have been allowed to go to the jury for whatever weight the jury might have decided to attach to it. The law favors the admission of all relevant evidence, unless it is excluded by some specific principle of law. 31A C.J.S. Evidence § 158, p. 427. Evidence of the condition of a machine at a point in time subsequent to the time under investigation may be so remote as to be without probative value. We recognize that the determination of the relevancy and materiality of such evidence rests within the discretion of the trial judge. However, we conclude that the testimony in question should have been admitted as relevant evidence of the condition of the lights at the time of the accident because of the short time lapse between the time of the accident and Mr. Scott's observations and the relatively stable nature of the equipment involved. See 32 C.J.S. Evidence § 585, p. 714. Id. at 395.
Under the Hawes decision it was error to exclude evidence of the warning signals' operation on the day following the accident.
Reese next claims error in the exclusion of the railroad's regulations pertaining to the control of vegetation near the crossing. Seaboard's regulations provided:
Road crossings, maintain a cover of low growing grasses but eliminate all tall growing vegetation over three feet high from the right-of-way line to the track extending for 200 hundred (sic) feet on each side of the crossing.
*29 Again, there was conflicting evidence presented as to the condition of the right of way near the crossing. However, there was some evidence presented that visibility south of the crossing for the train engineer and motorists was impaired by the growth of trees and other vegetation. Since the condition of the right of way was in issue, we believe the regulation constituted relevant evidence on that issue and should have been admitted. The reason most commonly assigned in support of the theory or doctrine of admissibility is that the employer's rule, while not conclusive of the question, constitutes some indication of the care required under the circumstances, and may properly be considered by the jury in determining the question of negligence. 50 A.L.R.2d 16 (1956).
We also believe the verdict was patently erroneous. In response to an interrogatory calling for the jury to determine the total amount of Reese's damages, the jury assessed only the medical expenses. It is undisputed that Reese sustained severe injuries and was entitled to an assessment of other elements of damages in addition to medical expenses. There is some indication that the jury's verdict resulted from a misunderstanding of previous questions asked of the court. Regardless of the cause, however, the verdict was simply not a proper response to the interrogatory pertaining to damages and cannot stand.
For the foregoing reasons this cause is hereby reversed and remanded to the trial court for a new trial on all issues.
DOWNEY, C.J., and DAUKSCH, J., concur.