370 So.2d 1222 (1979)
Lynn MERETSKY, Appellant,
v.
Jay D. ELLENBY, M.D., Appellee.
No. 78-1613.
District Court of Appeal of Florida, Third District.
May 15, 1979.
*1223 Lopatin, Miller, Bindes, Freedman & Bluestone, Detroit, Mich., Weaver & Weaver and Thomas D. Lardin, Fort Lauderdale, for appellant.
Thornton, Conroy & Herndon and Neal A. Roth, Miami, for appellee.
Before BARKDULL and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant was the plaintiff below in an action for damages against a doctor. The appeal is from a judgment entered for the defendant upon the granting of his motion for a directed verdict filed at the close of the plaintiff's case. We find error, and reverse.
The plaintiff engaged the defendant doctor to perform an operation on her nose to remove a bump or protrusion on the bridge of her nose which had been caused by her having been hit by a baseball bat when she was a child approximately nine years of age. One count of the complaint alleged negligence, and the second count alleged operation on a portion of the nose without and beyond consent. It is conceded that the first count is no longer applicable. Involved is the second count charging battery. The plaintiff testified that in two interviews with the doctor prior to the operation she expressly told the doctor she did not want him to operate on the tip of her nose or alter the shape of the end of her nose. Thereafter, before the operation, she signed a consent for the doctor to perform a "rhinoplasty", which is a general term for plastic surgery on a nose. On the operation, in addition to caring for the bump or protrusion on the bridge of the nose, the doctor operated on the tip of the nose, which he thereby shortened and reshaped into a "turned-up" nose.
This case does not involve any question of lack of informed consent, but presents a claim of absence of consent to operate on the end or tip of the nose and, in fact, of operation thereon against express instructions of the plaintiff not to do so.
In Chambers v. Nottebaum, 96 So.2d 716 (Fla. 3d DCA 1957), this court said:
"The rule is well established which prevents a doctor from operating on a patient without his express or implied consent, or in a manner contrary to the patient's express instructions. A statement of this rule was made in Wall v. Brim, 5 Cir., 138 F.2d 478, at page 481:
`* * * The law is well settled that an operation cannot be performed without the patient's consent and that one performed without consent, express or implied, is a technical battery or trespass for which the operator is liable. * *'"
It appears the trial court was of the opinion that in order for the plaintiff to recover against the doctor for performance of an operation without the patient's consent, or which was contrary to the patient's express instructions, it was essential for the plaintiff to present evidence of medical experts that the doctor's action was contrary to an accepted standard of medical practice among members of the medical profession with similar training and experience in the same or similar medical community; and the appellee so contends on appeal. We hold such evidence was not required in this case.
The requirement for such medical expert testimony in cases based on a claim of absence of informed consent, Bowers v. Talmadge, 159 So.2d 888 (Fla. 3d DCA 1963); Ditlow v. Kaplan, 181 So.2d 226, 228 (Fla. 3d DCA 1966); Thomas v. Berrios, 348 So.2d 905, 908 (Fla. 2d DCA 1977); section 768.46(3) and (3)(a)1, Florida Statutes (1977), is not applicable in a case based on a claim of want of consent (as distinguished from a claim of absence of informed consent), or for an operation claimed to have been performed contrary to the patient's instructions.
In the informed consent cases, the required medical expert testimony is not for the purpose of presenting medical opinion on the question of whether or not a patient has a cause of action against a doctor for operating without the patient's informed consent [for which no medical expert testimony is necessary. Cf. Atkins v. Hunes, 110 So.2d 663 (Fla. 1959), 81 A.L.R. 590]. *1224 The medical expert testimony thus required in cases based on claimed absence of informed consent is presented for the purpose of showing whether the disclosure made by the doctor was such as a medical practitioner in that or similar communities reasonably should have given, in order that the patient's consent be an informed consent.
In this case, where the claim of the patient is that the doctor operated on the end of the nose without consent, and contrary to her express instructions not to do so, there was no necessity for the presentation of medical opinion as to whether she had a cause of action.
It is the applicable established law, and not the opinions of other doctors, which determines that an operation by a doctor on a person without the patient's consent or contrary to the patient's express instructions, constitutes an actionable battery.
The appellee argues that by virtue of Section 768.46(4)(a), Florida Statutes (1977), the plaintiff's signed written consent to a "rhinoplasty" operated to preclude the plaintiff from maintaining this action. That subsection of Section 768.46 reads as follows:
"A consent which is evidenced in writing and meets the requirements of subsection (3) shall, if validly signed by the patient or another authorized person, be conclusively presumed to be a valid consent. This presumption may be rebutted if there was a fraudulent misrepresentation of a material fact in obtaining the signature."
Subsection (3) of said Section 768.46 to which the above-quoted subsection (4)(a) refers and is applicable, relates to and is concerned with informed consent.
That statutory provision regarding a signed consent is not applicable to the case presented here, and does not operate to bar this action. First because this is not a case claiming absence of informed consent. Secondly, it would not be reasonable to assume that by signing a general consent to a "rhinoplasty" the plaintiff thereby should be conclusively presumed to have given her consent for the doctor to operate (unnecessarily) on the tip or end of her nose, when she had expressly instructed that such not be done. There was evidence from testimony of the defendant and another doctor that an operation on the plaintiff's nose to correct the bump on the bridge of the nose need not require operating on the tip or end of the nose. Also there was the testimony of the plaintiff that she expressly instructed the doctor not to operate on or alter the end of her nose. Even if the evidence had presented an issue of fact as to the necessity, in removing a protrusion from the bridge of the plaintiff's nose, to operate also on the tip or end of the nose (contrary to the patient's instructions), such issue would be one to be determined by the jury. See Russell v. Harwick, 166 So.2d 904, at 905 (Fla. 3d DCA 1964).
For the reasons stated the judgment is reversed, and the cause is remanded for new trial on the count charging battery.