396 So.2d 769 (1981)
Aloysia WOOD and Daniel Wood, Appellants,
v.
WALT DISNEY WORLD CO., D/B/a Disney World, Insurance Company of North America, a Pennsylvania Corporation, Rouse Brake & Wheel Inc., and Merlin, Inc., a Florida Corporation, and Hartford Accident and Indemnity Co., a Connecticut Corporation, Appellees.
No. 79-101.
District Court of Appeal of Florida, Fourth District.
March 25, 1981.
Rehearing Denied April 23, 1981.
*770 Simons & Schlesinger, P.A., Fort Lauderdale, and Walter H. Beckham, Jr., and Joel D. Eaton of Podhurst, Orseck & Parks, P.A., Miami, for appellants.
John H. Ward and John L. O'Donnell, Jr., of DeWolf, Ward, Morris, Wohlust, Jontz & O'Donnell, Orlando, for appellee, Walt Disney World Co.
Pyszka, Kessler & Adams, Fort Lauderdale, Bonnie Lee Daniels, Miami, and Larry Klein, West Palm Beach, for appellees, Rouse Brake & Wheel, Inc., Merlin, Inc., and Hartford Acc. and Indem. Co.
GLICKSTEIN, Judge.
Appellant suffered back injuries on November 27, 1971, during a Thanksgiving holiday weekend visit to Disney World. The injuries were sustained while she was riding in a miniature race car with her son at the attraction known as the Grand Prix Raceway when her car was struck from behind by another car. Following this accident, she had several subsequent accidents which aggravated her back injuries. Because the injuries and the subsequent aggravation of the injuries were difficult to apportion among the various tortfeasors, she brought a single action against them all. During the trial she settled her claims with all of the defendants except Walt Disney World Co., Rouse Brake & Wheel, Inc., Merlin Co., and their respective insurers. The jury found for the defendants and this appeal followed.
The only error we perceive requiring reversal of the final judgment involves Walt Disney World Co., and its insurer. We affirm the final judgment as to the remaining parties. The specific error which we find to be harmful is the trial court's refusal to admit into evidence any reports of subsequent incidents involving injuries sustained by persons in the cars at the Grand Prix Raceway which were offered into evidence to establish the dangerous condition of the raceway.[1] The trial court made a specific distinction between prior and subsequent incidents, holding subsequent incidents to be inadmissible. We disagree and hold that while the trial court has discretion in this matter, exclusions of all subsequent incidents was error.
In Chambers v. Loftin, 67 So.2d 220 (Fla. 1953), the court said:
It is well settled that evidence of prior or subsequent similar accidents at or near the same place are admissible if they are not too remote in time, for the purpose of showing the dangerous character of the place and defendants' knowledge thereof.
More recently, in Reese v. Seaboard Coastline Railroad Company, 360 So.2d 27 (Fla. 4th DCA 1978), cert. dismissed 366 So.2d 884 (Fla. 1978), we held that it was error to exclude evidence of the railroad's warning signal operation on the day following the accident. See also Seaboard Air Line Railroad Company v. Hawes, 269 So.2d 392 (Fla. 4th DCA 1972), cert. denied 272 So.2d 816 (Fla. 1973).
Accordingly, we reverse the final judgment as to Walt Disney World Co. and its *771 insurer, remand for new trial as to these same defendants, and affirm as to the remaining parties.
AFFIRMED in part, REVERSED in part, and REMANDED.
HURLEY, J., concurs.
MOORE, J., dissents with opinion.
MOORE, Judge, dissenting:
I respectfully dissent. In my opinion, the error if any, was harmless.
NOTES
[1] Unknown to the trial court at the time of its ruling, two of the excluded reports actually involved incidents occurring prior to appellant's accident.