FERGUSON, Judge
(concurring).
This appeal is brought from a judgment on a jury verdict for defendants/physicians in a medical malpractice action.
The point on appeal. — whether the court erred in failing to charge the jury on a total absence of consent to perform an intravenous pyelogram — does not address an issue framed by the pleadings. Neither was there a motion made at trial to conform the pleadings to the evidence.
It was alleged in the complaint that the plaintiffs gave uninformed consent to conduct a “kidney x-ray”; the case was tried on that theory and the jury was gven an *165 instruction on lack of informed consent. The case was not tried, impliedly, on a theory of total absence of consent as is argued by appellant. Total lack of consent states a cause of action for trespass or battery and requires proof different from that required to establish uninformed consent. See Meretsky v. Ellenby, 370 So.2d 1222 (Fla. 3d DCA 1979) (in cases of trespass or battery it is not the opinion of doctors regarding the practice in the medical community which determines whether the tort has been committed).