GARRETT, Judge.
Appellants appeal the jury verdict finding no negligence on the part of appellee. We affirm.
Fortunately, Mr. Thompson survived the accident. He was able to testify at trial that the warning lights at the crossing were not working at the time of the collision between his truck and the appellee’s train.
Mr. and Mrs. Keesee’s testimony as to what they observed at the crossing some three weeks after the accident was cumulative to Mr. Thompson’s testimony. Admission of their testimony was subject to the sound discretion of the trial judge. We find its exclusion was not an abuse of that discretion.
The test referred to by the dissent was conducted by the appellee, under the supervision of the investigating police officer, to insure the crossing was safe for other trav-ellers.
Lawrence v. Florida East Coast Railway Company, 346 So.2d 1012 (Fla.1977), is distinguishable. The accident victim was killed. The jury never heard his version of how the signals were operating. Unlike the present case, there was testimony the signals were mechanically foolproof. The testimony about malfunctioning signals was admitted as substantive evidence of prior notice, not as cumulative after-the-fact testimony.
In Reese v. Seaboard Coastline Railroad Company, 360 So.2d 27, 28 (Fla. 4th DCA 1978) (emphasis added), this court held “it was error to exclude evidence of the warning signals’ operation on the day following the accident,” but cited the language of Seaboard Air Line Railroad Company v. Hawes, 269 So.2d 392 (Fla. 4th DCA 1972):
Evidence of the condition of a machine at a point in time subsequent to the time under investigation may be so remote as to be without probative value. We recognize that the determination of the relevancy and materiality of such evidence rests within the discretion of trial judge.
HERSEY, C.J., concurs.
WALDEN, J., dissents with opinion.