HERSEY, Chief Judge.
Review is sought by petition for writ of certiorari of an order of the circuit court affirming dismissal of a complaint by the county court. We grant the writ and quash the order under review.
Petitioner filed a lawsuit to require his personal injury protection insurance carrier to pay a bill for an MRI scan in the amount of $680.00. Respondent defended on the grounds that the scan was not medically necessary. Petitioner took the deposition of his physician, Dr. Centrone, to support the necessity for the scan. On cross-examination respondent inquired into an article which allegedly appeared in the Miami Herald which reflected adversely on the doctor. Specifically, the article appears to have questioned the doctor’s past office practices with regard to proper documentation of required testing. The doctor refused to answer questions on the subject and respondent subsequently obtained a court order compelling the doctor to answer all questions relating to the Miami Herald articles. The doctor advised that illness would prevent him from attending a deposition set by respondent on a day certain or at any time before trial. Respondent thereupon filed motions to sanction the doctor and to strike his testimony and/or to dismiss petitioner’s case. The court granted the motion to dismiss with prejudice and the circuit court affirmed the dismissal.
Because the case will go back for trial we treat both issues presented by the petition.
First, the order granting the motion to compel was erroneous. Whether the doctor had in the past given or prescribed tests or treatment which were not medically necessary is irrelevant to whether the scan in this case was necessary. Thus the inquiry was not within the scope of rule 1.280(b), Florida Rules of Civil Procedure. Nor is the subject matter of the inquiry admissible as bearing on the issue of the doctor’s credibility within the purview of section 90.608, Florida Statutes (1989). It more nearly approaches the type of evidence clearly proscribed by section 90.-404(2)(a), Florida Statutes (1989). In short, the inquiry was inappropriate and the order erroneous.
Regardless of whether or not that order was wrong, however, it was clearly a departure from the essential requirements of the law to dismiss petitioner’s complaint because of the failure or refusal of a wit *585 ness to testify. No such authority resides in rule 1.380(d), Florida Rules of Civil Procedure, nor do we find any supporting case law. Even where a party fails to attend his deposition dismissal is not warranted unless the failure was willful or done in bad faith. Wallraff v. T.G.I. Friday’s, Inc., 490 So.2d 50 (Fla.1986). The severity of a sanction for a discovery violation must be commensurate with the violation. Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980). There was no showing here that the witness acted in bad faith or that he was not, indeed, ill as he alleged. Again, however, the transgressions of a witness are not ordinarily to be visited on a party and regardless of whether the witness acted in bad faith the complaint should not have been dismissed.
On remand, petitioner may reapply for attorney’s fees in the circuit court and in the county court, although we make no determination on the merits of those applications.
We grant the writ and quash the order of the circuit court.
ANSTEAD and WARNER, JJ., concur.