673 So.2d 81 (1996)
Robert KLOSE, as Personal Representative of the Estate of Virginia C. Klose, and Robert Klose, individually and as surviving spouse of decedent, Virginia C. Klose, Appellants,
v.
COASTAL EMERGENCY SERVICES OF FORT LAUDERDALE, INC.; A. Rogelio Choy, M.D.; Palm Beach-Martin County Hospital, d/b/a Jupiter Medical Center, Inc.; Alison Coleman, R.N.; and Michael Zachary Kalter, M.D., Appellees.
No. 94-0033.
District Court of Appeal of Florida, Fourth District.
April 10, 1996.
Rehearings Denied May 24, 1996.
*82 Christian D. Searcy of Searcy, Denney, Scarola, Barnhart & Shipley, P.A. and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellants.
Julie H. Littky of Lytal & Reiter, West Palm Beach, for Appellee-A. Rogelio Choy, M.D.
Janet W. Adams of Adams, Hill, Reis, Hall & Schieffelin, Orlando, for Appellee-Palm Beach-Martin County Hospital, d/b/a Jupiter Medical Center, Inc.
Jennifer S. Carroll of Metzger, Sonneborn & Rutter, P.A., West Palm Beach, for Appellee-Michael Zachary Kalter, M.D.
STONE, Judge.
On March 15, 1989, Mrs. Virginia Klose arrived at Jupiter Hospital to have a bronchoscopy and biopsy performed by pulmonologist Dr. Rogelio Choy. During the course of the procedure, Mrs. Klose's pulmonary artery was ruptured, resulting in her death. A wrongful death action was thereafter instituted by Robert Klose, her husband, as personal representative of her estate. After a five-week trial, the jury returned a verdict of no liability on the part of defendants Choy, emergency room physician Jeffrey Kalter, *83 and Jupiter Hospital. On appeal, Mr. Klose presents two positions which we believe warrant remanding this cause of action for a new trial.[1]
In Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981), the supreme court held that although it was within a trial court's discretion to exclude an undisclosed witness, such discretion should not be exercised blindly and should be guided by a determination of whether use of the undisclosed witness will prejudice the objecting party, prejudice being defined as surprise in fact, not merely adverse testimony. Id. at 1314. The court further noted other factors which might enter into the trial court's decision, including "(i) the objecting party's ability to cure the prejudice or similarly, his independent knowledge of the existence of the witness; ... and (iii) the possible disruption of the orderly and efficient trial of the case." Id. As this court stated in Office Depot, Inc. v. Miller, 584 So.2d 587 (Fla. 4th DCA 1991), the underlying concern in Binger was whether the objecting party would be unprepared for and surprised in fact by the undisclosed witness' testimony such that a "trial by ambush" would occur. Id. at 589.
In the instant case, Mr. Klose was precluded from introducing the testimony of a key expert witness, Dr. Burton Mass, as to the alleged breach of care during the bronchoscopy procedure. The basis for the trial court's decision to exclude this testimony was a comment by Mr. Klose's counsel during Dr. Mass' pre-trial deposition that his testimony would only be addressing pre-operative and post-operative breaches of the standard of care. Although the deposition transcript reflects that such a statement was made by counsel, it is also clear from the transcript that Dr. Mass was nevertheless deposed on his opinion of the breach of the standard of care during the bronchoscopy. Mr. Klose's counsel also stated at the conclusion of the deposition that anything discussed during the deposition was "fair game" at trial. Noting the generally accepted principle that pre-trial representations made by parties are generally binding on them at trial, we believe that the apparent confusion as to the scope of Dr. Mass' testimony distinguishes this case from that general rule and also satisfies us that trial counsel's conduct was not violative of our holding in Office Depot. In this light, we believe the sanction imposed by the trial court was overly severe. Any prejudice to Appellees which may have resulted from the above noted confusion was easily curable by adjourning the trial for the purpose of further deposing Dr. Mass, an option suggested by Appellants' counsel but rejected by the trial court. During the course of a five-week trial, the brief delay caused by adjourning should cause little disruption in the proceedings.
We also note that the above error was not harmless. Dr. Mass was the only pulmonologist scheduled to testify for Mr. Klose. Although Mr. Klose introduced testimony from a thoracic surgeon on the alleged breach of the standard of care during the bronchoscopy, both the jury instructions and Choy's counsel's closing argument potentially had the effect of leading the jury to believe that less weight should be given to the testimony of a doctor whose specialty was different from that of Choy.
The second ground for reversal occurred during closing argument by Choy's counsel. In his closing argument, counsel for Choy clearly violated our holding in Bellsouth Human Resources Administration, Inc. v. Colatarci, 641 So.2d 427 (Fla. 4th DCA 1994), by suggesting to the jury that their verdict should, in some part, be motivated by the effect a finding of liability might have on Dr. Choy's professional reputation. Cf. Stauf v. Holden, 94 So.2d 361 (Fla.1957) (trial court committed reversible error when *84 it instructed the jury in malpractice action that the defendant physician's character and reputation were the most important matters at stake). Although, as recognized by Judge Warner in her concurring opinion in Fasco Industries, Inc. v. Armbruster Products, Inc., 643 So.2d 624 (Fla. 4th DCA 1994), such an error does not create per se reversible error, in light of the other error at trial, we are unwilling to say that the effect of counsel's improper remark was harmless.
As to the numerous other claims of error raised by Mr. Klose, all of which are based on evidentiary rulings by the trial court, we would note that absent an abuse of discretion, decisions made by the trial court addressing the admissibility of evidence, the scope of examination of witnesses, or the appropriate subjects of inquiry in cross-examining witnesses are within the trial court's sound discretion. Cruse v. State, 588 So.2d 983 (Fla.), cert. denied, 504 U.S. 976, 112 S.Ct. 2949, 119 L.Ed.2d 572 (1992); Thompson v. U.S. Sugar Corp., 548 So.2d 1171 (Fla. 4th DCA 1989).[2]
GUNTHER, C.J., and GROSS, J., concur.
NOTES
[1] We reverse as to all Appellees on the authority of General Portland Land Development Co. v. Stevens, 356 So.2d 840 (Fla. 4th DCA 1978), wherein we stated that "[w]here a judgment is of such a nature that the rights of several co-parties are of a derivative or interdependent nature and injustice might result from a reversal as to less than all the parties, the appellate court will reverse the judgment as to all." Id. at 842. In the instant case, the trial court's decision to preclude testimony by Dr. Mass could have affected the jury's decision as to all three Appellees as a finding of no liability for Choy may also have had the derivative result of a verdict in favor of Kalter and Jupiter Hospital.
[2] Although we need not reach this issue, on remand, should Dr. Sheldon Burman be called to testify as an expert witness on behalf of Mr. Klose, we would caution the trial court to clearly determine the relevancy of questions purporting to impeach his qualifications and credibility as an expert. See, e.g., Miles v. Allstate Insurance Co., 564 So.2d 583 (Fla. 4th DCA 1990); Cruse, 588 So.2d at 983.