SHAHOOD, Judge.
Appellant, Margaret Beerman, seeks review of a Revised Final Judgment and the denial of her Motion for New Trial after a trial by jury. We hold the trial court did not err with respect to any issue raised by appellant, and accordingly, affirm.
This case arises from an automobile accident personal injury case filed by appellant against appellee owner and appellee operator of the other vehicle involved, as well as appellant’s insurer, who was joined as a party for uninsured motorist benefits. Prior to trial, appellees admitted liability.
The jury returned a verdict on damages in favor of appellant in the amount of $20,000 for past medical expenses, but found that appellant did not sustain a permanent injury within a reasonable degree of medical probability as a result of the accident. An amended final judgment .was ultimately entered in favor of appellant for $10,000 following the trial court’s granting of the insurer’s motion for set-off due to appellant’s personal injury protection limits.
At trial, several medical experts testified, either through live testimony or through deposition; four on behalf of appellant and three on behalf of appellees. The principal issue in this appeal pertains to the testimony of one of the medical experts called by appel-lees, Dr. Alfonso Petti, M.D.
At the beginning of trial, appellant subpoenaed the Clerk of the Circuit Court to bring to trial 40 to 50 case files in which defense counsel’s firm had filed a notice of using Dr. Petti as a defense expert. Appellees moved in limine to prohibit appellant’s use of these files on the grounds that it would be improper impeachment as there was no evidence that Dr. Petti had seen the plaintiffs in those cases. Appellant stated that he had no intention of introducing all of the files, but that under Secada v. Weinstein, 563 So.2d 172 (Fla. 3d DCA 1990), he had a right to ask the witness about his defense work. The court reserved ruling at that time.
Dr. Petti had performed a medical examination on appellant at the request of ap-pellees. Dr. Petti testified on direct examination, that appellant had “chronic long *94 standing, preexisting abnormalities of the musculoskeletal and nervous system,” but that she had sustained no “permanent injury” as a result of the accident in question. In addition, Dr. Petti found that appellant had no signs of Reflex Sympathetic Dystrophy (RSD), a preexisting condition, which had been found by other health care providers who testified at trial.
During cross-examination, appellant sought to impeach Dr. Petti’s credibility through the use of a series of questions regarding defense counsel’s prior requests to use Dr. Petti in performing defense medical examinations in the other cases. Defense counsel objected on relevancy grounds stating that in many of the cases, Dr. Petti did not perform the examinations, and in some cases, there were only requests for examination appointments in the future. Appellant’s counsel stated that the purpose of the line of questioning was to demonstrate that defense counsel’s firm regularly hires Dr. Petti to perform defense work. The trial court ruled that the inquiry would be limited to cases in which Dr. Petti had actually examined a party for defense counsel.
Upon further questioning, the witness was asked if he was hired by defense counsel in a particular case, and, if so, whether he found there to be no permanent injury. After the trial court sustained defense counsel’s objection, appellant’s counsel then made the following proffer:
Your Honor, I would like to be able to ask Dr. Petti whether on this case and certain other cases if he has been retained or asked to examine someone at the request of the law firm of Donahoe & Peearo, whether or not in each of these individual cases the doctor has disagreed with the treating doctor and found no impairment rating, and according to the Secada case I should be allowed to do that.
The court ruled that the witness could be asked how many times he examined a plaintiff or defendant, and how many times he had ever contradicted another doctor, but he could not be asked his opinion in each particular case.
Appellant argues that under Secada and its progeny, counsel should have been able to establish Dr. Petti’s defense bias by eliciting the number of times Dr. Petti had been retained by defense counsel, whether he disagreed with the appellant’s treating physician in each case and whether he found any impairment. Appellant argues that since Dr. Petti was the only defense expert to testify that she did not have a permanent injury, she claims that the trial court abused its discretion by restricting appellant’s counsel inquiry into Dr. Petti’s alleged bias.
It is well settled that absent abuse of discretion, decisions made by the trial court addressing the admissibility of evidence, scope of examination of witnesses, or appropriate subjects of inquiry in cross-examining witnesses are within the trial court’s discretion. Klose v. Coastal Emergency Servs. of Ft. Lauderdale, Inc., 673 So.2d 81, 84 (Fla. 4th DCA), review denied, 684 So.2d 1351 (Fla.1996).
In Secada, the Third District Court of Appeal reversed for a new trial because of the erroneous admission of evidence demonstrating that previous juries in other unrelated cases had rejected the testimony of the defense expert where he had similarly testified to a finding of no permanency. 563 So.2d 172. The court explained:
While the fact that Dr. Gregory consistently and repeatedly testified to the same effect in previous cases, even specifically designated ones, was a perfectly proper subject of cross-examination to demonstrate his alleged bias and prejudice, 24 Fla.Jur.2d Evidence and Witnesses Sec. 673 (1981); Wilson v. Stilwill, 411 Mich. 587, 599-603, 309 N.W.2d 898, 902-03 (1981), the same may emphatically not be said as to the results of those trials. As a, pardon the expression, threshold matter, this subject would improperly permit inquiry into a whole range of issues — concerning not only the particular facts of each of the cases about which Dr. Gregory was asked — but also the presumably many cases in which the jury found no permanency and thus agreed with him, as well as a similar point-counter-point concerning each of the previous cases in which the other experts, including the plaintiffs, had *95 testified. The introduction of thoroughly eollateral questions like these is impermissible. See Atlantic Coast Line R.R. v. Campbell, 104 Fla. 274, 139 So. 886 (1932).
563 So.2d at 173. While the court did not preclude cross-examination of the defense expert’s opinion as to permanency in unrelated cases, it deemed questions regarding prior verdicts to be impermissible. See id.
Wilson v. Stilwill, 411 Mich. 587, 309 N.W.2d 898 (1981), relied upon by the Secada court held that it was proper to bring out on cross-examination the number of times a witness testifies in court, or is involved in particular eases. “A showing of a pattern of testimony for a particular attorney in past cases raises a possible inference that the witness has testified in such a manner that he would be hired in future cases ... In response, additional inquiry would be permissible to show that the witness had been called by many other lawyers on various issues over the years.” 411 Mich. at 600-601, 309 N.W.2d 898.
While appellees acknowledge the rule under Secada, they contend that the testimony elicited from Dr. Petti that he had previously testified at the request of defense counsel was sufficient and that any error associated with the exclusion of the other court eases was harmless. We agree and distinguish this case from Secada
In this case, the excluded evidence was not prejudicial enough to affect the outcome of the case since Dr. Petti’s prejudice had already been brought out through other areas of inquiry. The excluded evidence was cumulative to other evidence of the witness’s bias in that appellant’s counsel had already elicited testimony from the witness that he had extensively testified in the past at the request of appellees’ counsel. Hence, any error in excluding such testimony, we hold to be harmless.
In addition, to allow counsel to question the witness about forty to fifty files in the presence of the jury would be extremely disruptive of the trial proceedings. The prejudicial effect would outweigh the probative value of such an inquiry.
We are not persuaded by appellant’s argument on her other two remaining issues and affirm without further discussion.
AFFIRMED.
STONE, C.J., and GUNTHER, J., concur.