LINDSEY, J.
Corner Land, LLC appeals the trial court's final judgment in an action for trespass only to the extent that the jury did not award punitive damages in Corner Land's favor.[1] Corner Land claims it is reversible error to admit redacted stay orders into evidence. It is not.
I. BACKGROUND
Annex Industrial Park, LLC and Corner Land own adjacent properties in Hialeah, Florida. Three roads border the combined properties. Both parcels lie north of N.W. 138th Street, west of N.W. 102nd Avenue, and east of N.W. 105th Avenue. At issue in this case is a strip of land on the southern boundary of Corner Land's property, which runs parallel to N.W. 138th Street. At the time Corner Land filed suit, that strip provided the only access to the Annex Property. There was a time, however, *779 when that strip was not the only means of access to the Annex Property.
Annex originally had direct access to its property from N.W. 138th Street.[2] When Annex acquired its property in 2005, a bridge connected N.W. 138th Street to the Annex Property, providing for direct access from the south. In 2008, the City of Hialeah requested Annex to deed 35 feet along the southern edge of its property to the City for a right of way. The City sought to widen the canal between the Annex Property and N.W. 138th Street as well as the street itself. Annex deeded the 35 feet to the City and additionally conveyed an easement to Miami-Dade County for canal construction and maintenance.
Corner Land's predecessor executed similar agreements. Like Annex, the prior owner of the Corner Land property conveyed a similar canal easement and dedicated 75 feet of its southern boundary to the City of Hialeah. Thereafter, the City demolished the bridge providing direct access to the Annex Property and widened the canal and N.W. 138th Street. Although the City constructed a replacement bridge, the City placed the bridge just west of the Annex Property, depriving Annex of its direct access. As a result, the only access to the Annex Property was through a new road, created by the new canal bridge, on the southern boundary of the Corner Land property.
For several years, Corner Land (and its predecessors) permitted Annex to use a portion of the new road which constituted Corner Land's property. Annex required use of the new road to access the Annex Property, where it operated a truck storage business. Then, in September of 2014, Corner Land withdrew its permission and sent Annex a cease and desist letter demanding Annex discontinue use of Corner Land's property. Annex nevertheless continued to use Corner Land's property and four days after sending the cease and desist letter, Corner Land filed suit seeking damages for trespass and a permanent injunction.
Corner Land later moved for a temporary injunction seeking to enjoin Annex's use of Corner Land's property. After a three-day evidentiary hearing, the trial court granted Corner Land's motion and entered a temporary injunction precluding Annex from continuing its use of the Corner Land property. Annex subsequently moved to stay the injunction until it was able to find another method of accessing its property. Annex explained that the injunction would hinder Annex's ability to operate its storage business, potentially placing the company in financial ruin. The trial court noted the condition of unfairness that would be created and stayed enforcement of the injunction. The trial court extended the stay seven additional times over a period of 23 months before Annex finally secured access to the property along its northern border.
Based on the evidence adduced at the three-day evidentiary hearing, Corner Land additionally sought leave to add a claim for punitive damages. Corner Land argued Annex's continued use of the Corner Land property in light of the cease and desist letter warranted punitive damages. That motion was also granted. In response, Annex amended its Answer to include the affirmative defense of advice of counsel and sought to introduce the eight stay orders in support thereof.
Corner Land, expecting that Annex would seek the admission of the stay orders, *780 filed an anticipatory motion in limine seeking to exclude all evidence related to the stay orders. Corner Land argued the orders contained hearsay and their prejudicial effect substantially outweighed their probative value. Annex, on the other hand, suggested that the stay orders were necessary to disprove Corner Land's accusations that Annex acted maliciously. The trial court judge permitted Annex to introduce the stay orders, but only after certain redactions were made. The redactions left only the date, the trial court's signature, and the length of the stay.[3]
At trial, Annex introduced the stay orders and the injunction order with the testimony of its principal and its former counsel. Each testified regarding the effect the orders had on Annex's subsequent actions based on the counsel's advice. After both parties rested, the trial court instructed the jury that both compensatory and punitive damages were available. The jury returned a verdict awarding Corner Land $114,015.22 in compensatory damages, but found Corner Land was not entitled to punitive damages. Thereafter, the trial court entered final judgment.
This timely appeal followed.
II. STANDARD OF REVIEW
The admissibility of evidence lies in the sound discretion of the trial court and trial court decisions on the matter will be affirmed absent a showing of abuse of discretion. See, e.g., Beerman v. Rollar, 710 So. 2d 93 (Fla. 4th DCA 1998) ; see also Carter v. Brown & Williamson Tobacco Corp., 778 So. 2d 932, 943 (Fla. 2000) ("[W]here a trial court has weighed probative value against prejudicial impact ... an appellate court will not overturn that decision absent a clear abuse of discretion.").
III. ANALYSIS
Corner Land argues on appeal that the trial court erred in admitting the redacted stay orders because they were unfairly prejudicial and constitute inadmissible hearsay. Corner Land relies on BDO Seidman, LLP v. Banco Espirito Santo, International, 38 So. 3d 874 (Fla. 3d DCA 2010) and Rubrecht v. Cone Distributing, Inc., 95 So. 3d 950 (Fla. 5th DCA 2012), in support of its argument. That reliance is misplaced. In those cases, the error was not in admitting the court orders themselves, but rather the judicial factual findings contained within the court order. See BDO Seidman, 38 So. 3d at 880 (citing United States v. Sine, 493 F.3d 1021, 1036 (9th Cir. 2007) ("A court judgment is hearsay 'to the extent that it is offered to prove the truth of the matters asserted in the judgment.' ... It is even more plain that the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay." (internal citations omitted))). Here, there is no such issue. The stay orders were heavily redacted to remove any factual findings. All that remained was a signature, the date, and length of the stay or extension. Cf. Velcofski v. State, 96 So. 3d 1069, 1072 (Fla. 4th Dist. App. 2012) ("While the probative value of this evidence may have been minimal, so was any danger of unfair prejudice because the portions of the documents which had the potential of being unfairly prejudicial ... were properly redacted.").
Moreover, it was not error to permit Annex to introduce testimony regarding the effect the stay orders had on *781 the legal advice Annex received, particularly in light of Annex's affirmative defense of advice of counsel as to Corner Land's claim for punitive damages. It is well established that a statement is not hearsay if offered to prove the effect the statement had on the listener. E.g., Jenkins v. State, 189 So. 3d 866 (Fla. 4th DCA 2015) ("Appellant's excluded testimony about what the stockade employee told him was not hearsay as those statements were being admitted to show the effect on the listener, that is, the reason Appellant left and did not register that day."); White v. State, 993 So. 2d 611 (Fla. 1st DCA 2008) ("[T]he testimony proffered by appellant was not hearsay because it was not offered 'to prove the truth of the matter asserted' .... It was, instead, offered to negate an essential element of both offenses-intent.").
IV. CONCLUSION
Accordingly, based on the foregoing reasons, we affirm the trial court's final judgment.

Corner Land does not challenge the compensatory damages award.

The Annex Property was additionally accessible from a dirt road immediately north of the property. However, in 2008, Annex and the prior owners of the Corner Land Property deeded the northern 35 feet of their respective properties to the City of Hialeah.

A redacted version of the injunction order was also allowed to be introduced into evidence.