181 So.2d 226 (1965)
Rochelle DITLOW and her husband, Israel Ditlow, Appellants,
v.
Dr. Allan A. KAPLAN, Appellee.
No. 65-69.
District Court of Appeal of Florida. Third District.
December 21, 1965.
Rehearing Denied January 13, 1966.
*227 Nichols, Gaither, Beckham, Colson & Spence and Robert Orseck, Miami, for appellants.
Blackwell, Walker & Gray and Paul R. Larkin, Jr., Miami, for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
TILLMAN PEARSON, Judge.
The plaintiffs appeal a final judgment which was entered upon a directed verdict for the defendant. The action was against Mrs. Ditlow's physician for an alleged failure to secure her informed consent for a diagnostic operative procedure which resulted in her injury.
At the conclusion of all the evidence, the defendant renewed his motion for a directed verdict. The trial judge reserved ruling on the motion, and submitted the case to the jury. After a jury verdict for the plaintiffs, the trial judge directed the verdict, and entered the judgment which is appealed. We affirm.
The record indicates that the trial judge had reached his decision that the defendant's motion for directed verdict should be granted prior to submitting the case to the jury. We commend the use of this practice because in the event we should have determined that it was necessary to reverse the ruling upon the motion for directed verdict it would not have been necessary to retry the case.
Mrs. Ditlow, plaintiff, was a woman of mature years, and had a stomach condition which caused her physician to suspect cancer. This physician advised a gastroscopic procedure which included a biopsy. He recommended the defendant-doctor as a specialist in the procedure. The plaintiff was informed that this surgical procedure entailed some risk, and she signed a consent. During the performance of the procedure, her esophagus was punctured. It was demonstated that she did not have cancer, and that remedial surgery for the punctured esophagus was successful. Expert testimony established that there are 16 possible risks involved in the medical procedure followed. The record also reveals that the incidence, of the realization of the risk which occurred, is approximately one in five hundred.
Before operating upon the plaintiff, the defendant-doctor was required to obtain *228 her informed consent. Chambers v. Nottebaum, Fla.App. 1957, 96 So.2d 716; Zaretsky v. Jacobson, Fla.App. 1958, 99 So.2d 730. There is little dispute with regard to the above proposition but the problem arises when a determination is sought to be made as to whether informed consent exists in given factual circumstances.
The plaintiff contends that the defendant failed to obtain the necessary informed consent because he did not advise his patient of the specific risks inherent in the performance of the procedure.
It should be noted at this juncture that the plaintiff is not claiming on this appeal that the defendant was guilty of any negligence in the manner in which the gastroscopy was performed. Nor is there any dispute as to the fact that the plaintiff consented to the gastroscopy, and that she was informed that there were certain risks. The only question is whether, under the doctrine of informed consent, it was necessary to advise her as to the specific risks which might be encountered.
The cases which have dealt with this specific problem have uniformly held that the standard to be applied is whether, according to expert testimony, a reasonable medical practitioner in the community would make such a disclosure under the same or similar circumstances. See Di Filippo v. Preston, 3 Storey 539, 53 Del. 539, 173 A.2d 333 (1961); Williams v. Menehan, 191 Kan. 6, 379 P.2d 292 (1963); Roberts v. Young, 369 Mich. 133, 119 N.W.2d 627, 99 A.L.R.2d 1330 (1963); Govin v. Hunter, 374 P.2d 421 (Wyo. 1962).
Our prior decisions indicate that the physician must adequately inform the patient about the dangers to be anticipated as a result of an operation, and that evidence of the standard prevailing in the community is necessary in order to demonstrate an issue as to the breach of this duty. See Bowers v. Talmage, Fla.App. 1963, 159 So.2d 888; Visingardi v. Tirone, Fla.App. 1965, 178 So.2d 135.
The plaintiff offered no evidence that it was the accepted practice in the community, among gastroenterologists and physicians of the defendant's standing, to advise the patient of the specific risk of perforation. We are therefore of the opinion that this case must be affirmed upon the authority of Visingardi v. Tirone, Fla.App. 1965, 178 So.2d 135, and decisions cited therein.
Affirmed.