318 So.2d 540 (1975)
Starr FREEMAN, As Guardian of the Property of Charles E. Horner, Appellant,
v.
Ellis RUBIN, Appellee.
No. 74-1527.
District Court of Appeal of Florida, Third District.
August 12, 1975.
*542 Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellant.
Philip Carlton, Jr., and H. Lee Bauman, Miami, for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal from an adverse final judgment entered pursuant to a directed verdict in a legal malpractice action.
In 1960 the appellant, Charles Horner, was arrested and charged with seven separate informations for grand larceny, and subsequently with extortion. Six of the seven larceny informations were dismissed and the remaining larceny conviction was reversed on appeal. Horner was convicted on the charge of extortion and sentenced to 10 years in the state penitentiary. He commenced his sentence in 1962, and in 1967 was released by order of U.S. District Court Judge William A. McRae pursuant to a petition for writ of habeas corpus. The order[1] found, inter alia, that the prosecuting officials in the state's attorneys office of Dade County, Florida knowingly used perjured testimony to convict Horner. Thereupon, the judge concluded as a matter of law that Horner had been deprived of a fair and impartial trial required by due process of law.
Shortly after the release of Horner, the wife of the defendant-appellee herein, Ellis Rubin, an attorney, contacted Horner's brother about the possibility of filing a civil rights suit. Ultimately, Rubin, as attorney for Charles Horner, filed a three count complaint in Federal district court in accordance with the Federal civil rights laws (Title 42, United States Code §§ 1983, 1985) based upon Judge McRae's order of discharge and prayed for damages in excess of $3,000,000.
Subsequently, an order was entered dismissing the suit for failure to prosecute but with the right to apply for reopening within 20 days. Notice thereof was sent to attorney Rubin who took no steps to reopen the lawsuit. Meanwhile, the statute of limitations expired.
Thereafter, Starr E. Freeman, as guardian for plaintiff Charles Horner, instituted the instant malpractice action against Ellis Rubin. Rubin answered and counterclaimed for $5,500 in attorney's fees allegedly due him from Horner. After pretrial discovery, Horner moved for partial summary judgment on the issue of liability. The motion was granted and the action then proceeded to trial by jury on the issue of damages.
After both parties rested, the trial judge granted Rubin's motion for directed verdict and final judgment in favor of the defendant was entered. This appeal followed.
Our first concern was directed to the appellant's contention that the trial judge erred in refusing to allow Judge McRae's order into evidence and further ordering that no reference be made to said order, where the order established the fact of Horner's illegal conviction. We find this point well taken.
The adopted law in this jurisdiction is that in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney's employment, (2) his neglect of a reasonable duty, and (3) such negligence resulted in and was the proximate cause of *543 loss to client. Weiner v. Moreno, Fla. App. 1973, 271 So.2d 217.
Summary judgment as to liability of the defendant having been entered, it was only necessary for the plaintiff in the case before us to prove the third element above. Plaintiff's burden includes the task of demonstrating that, but for the negligence complained of, he had a good cause of action in his Federal civil rights suit. See Annot., 45 A.L.R.2d 5 (1956). Judge McRae's order finding that Charles Horner's civil rights to due process of the law and fundamental fairness had been violated grossly in that he had been convicted by the use of false and perjured testimony known by the prosecution to be false was without doubt relevant to the issues in the case sub judice, particularly whether appellant had a good cause of action. Cf. Furnari v. Goodman, Fla.App. 1970, 242 So.2d 503. The order is all the more relevant as it was entered pursuant to a habeas corpus proceeding and, therefore, was res judicata of all issues of law and facts involved therein. See Crane v. Hayes, Fla. 1971, 253 So.2d 435; 15 Fla.Jur. Habeas Corpus § 115 (1957) and cases cited therein.
In addition, we note that the subject order was admissible pursuant to § 92.06, Fla. Stat., F.S.A.[2]
Hence, we find that the trial judge committed reversible error in refusing to admit Judge McRae's order into evidence and directing that no reference be made thereto, thus denying plaintiff an opportunity to present all his evidence to the element of proximate cause (i.e. whether he lost anything of value when he lost his cause of action due to the negligence of his attorney Rubin) which was within the province of the jury to determine. See Suritz v. Kelner, Fla.App. 1963, 155 So.2d 831.
We next considered appellant's argument that the trial judge erred in directing a verdict in favor of defendant.
It is basic that the trial judge should not direct a verdict for the defendant unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. Whitman v. Red Top Sedan Service, Inc., Fla. App. 1969, 218 So.2d 213, 215 and cases cited therein. Indeed, the better practice is to submit the case to the jury, notwithstanding the fact that the trial judge has decided that a motion for directed verdict should be granted. See Ditlow v. Kaplan, Fla.App. 1965, 181 So.2d 226.
In the instant case which involves a malpractice action charging that an attorney's negligence in prosecuting a suit resulted in the loss of the client's claim, the value of the lost claim (i.e. the amount that would have been recovered by the client except for the attorney's negligence) is a proper element of damages. See 7 Am.Jur.2d Attorneys at Law § 190 (1963) and cases cited therein and Annot., 45 A.L.R.2d 62 (1956).
With respect thereto, the record contains testimony reflecting plaintiff's economic losses and the impairment of mental health as a result of his illegal incarceration for five years. In addition, plaintiff introduced evidence to the effect that he had expended approximately $83,000 in appeals to obtain release from the state penitentiary. Thus, we conclude there was sufficient evidence as to damages upon which the jury could have decided in favor of the appellant Horner, and the trial judge committed reversible error in directing a verdict in favor of the defendant.
*544 Appellant also urges as error the trial court permitting defense counsel to refer to plaintiff's application for V.A. benefits. We agree.
The rule has been established in Florida that juries are not to consider the fact of collateral compensation to the plaintiff and if evidence thereof is admitted inadvertently, the jury immediately should be instructed to disregard same. See Florida Standard Jury Instruction 6.13;[3]Paradis v. Thomas, Fla.App. 1963, 150 So.2d 457; Greyhound Corporation v. Ford, Fla.App. 1963, 157 So.2d 427.
Defense counsel having made reference to plaintiff's application for V.A. benefits, we find the trial judge in error in failing to give the collateral source charge to the jury and to sustain objection of plaintiff's counsel to said reference.
We also find merit in appellant's contention that the trial court erred in refusing to allow Charles Horner to be present in the courtroom during the trial.
One who institutes an action is entitled to be present when that action is being tried. Florida Greyhound Lines, Inc. v. Jones, Fla. 1952, 60 So.2d 396; Talcott v. Holl, Fla.App. 1969, 224 So.2d 420.
Further, even though Horner was represented by a guardian, we hold that in the absence of a showing that he was so incapacitated that he could not comprehend the trial proceedings, the trial judge erred in excluding Horner's physical presence from the courtroom. Cf. Purvis v. Inter-County Telephone & Telegraph Company, Fla.App. 1967, 203 So.2d 508.
In light of our disposition of the above points on appeal, it is not necessary to decide appellant's remaining contentions.
For the reasons stated hereinabove and upon the authorities cited, we reverse the judgment entered pursuant to a directed verdict and remand the cause to the trial court for a new trial.
Reversed and remanded.
NOTES
[1] Horner v. State of Florida, 312 F. Supp. 1292 (M.D.Fla. 1967), affirmed, 398 F.2d 880 (5th Cir.1968).
[2] Judgments and decrees of U.S. district courts as evidence in state courts
"All final judgments and decrees heretofore or hereafter to be rendered and entered in the United States district courts of this state and certified copies thereof are declared to be admissible as prima facie evidence in the several courts of this state of the entry and validity of such judgments and decrees."
[3] "6.13. Collateral Source Rule

"You should not reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [medical insurance payments] [or other benefits] which (claimant) may have received from his [employer] [insurance company] [or some other source]."