383 So.2d 259 (1980)
Sally DYSART, Appellant,
v.
Robert HUNT, Appellee.
No. 79-1932.
District Court of Appeal of Florida, Third District.
April 22, 1980.
Rehearing Denied May 30, 1980.
*260 Joseph Pardo, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellee.
Before HUBBART, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
The plaintiff below, Sally Dysart, who prevailed before a jury in a replevin action, challenges the rulings of the trial court in striking and refusing to enter judgment upon that portion of the verdict which awarded her $75,000 in money damages.[1] We affirm on the basis of our agreement with the trial judge that the claim for money damages was neither raised in the pleadings nor tried by the express or implied consent of the parties.
The complaint in this case, which was never amended, alleged and claimed only the right to the possession of the personal property in question. Unlike even the form replevin complaint, Form 1.937, Fla.R. Civ.P., it specifically did not contain a demand for damages for the detention of the property. Indeed, the first and only specific reference to a request for money damages appeared in the plaintiff's requested jury instructions on the subject, which were submitted at the conclusion of the trial and to which defense counsel immediately objected. Moreover, the record demonstrates that the evidence relied upon by the plaintiff to support the damages charge and verdict was fully consistent with and pertinent to the plaintiff's position on the issue which was framed by the pleadings and which was actually being tried: the right to the possession of the property in dispute. There is thus no basis for finding that the defendant's failure to object to that evidence constituted an express or implied consent to try the unpled and quite different damage question, so as to invoke the provisions of Fla.R.Civ.P. 1.190(b). Chandler v. Chandler, 330 So.2d 778 (Fla. 1st DCA 1976), cert. denied, 339 So.2d 1167 (1976); Triax, Inc. v. City of Treasure Island, 208 So.2d 669 (Fla. 2d DCA 1968); Neveils v. Thagard, 145 So.2d 495, 498 (Fla. 1st DCA 1962); Tucker v. Daugherty, 122 So.2d 230 (Fla. 2d DCA 1960), cert. denied, 125 So.2d 878 (1960); Edwards v. Young, 107 So.2d 244 (Fla. 2d DCA 1958); compare Batista v. Walter & Bernstein, P.A., 378 So.2d 1321 (Fla. 3d DCA 1980). The case is therefore controlled by the familiar principle expressed in Cortina v. Cortina, 98 So.2d 334, 337 (Fla. 1957):
... that a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand; and where, as here, an issue was not presented by the pleadings nor litigated by the parties during the hearing on the pleadings as made, a decree adjudicating such issue is, at least, voidable on appeal.
Affirmed.
NOTES
[1] The trial judge wisely submitted the damages issue to the jury subject to the express understanding that, if the jury made such an award, he would set it aside. We commend and encourage this practice, which, if we disagreed (as we do not) with the court's ruling on the merits of the issue, would have permitted the final resolution of the case without a second trial or a second appeal. See Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975); Ditlow v. Kaplan, 181 So.2d 226 (Fla. 3d DCA 1965).