438 So.2d 25 (1983)
Demetrius Octavius GREEN, a Minor, by and through His Guardian of the Property, Edward P. Swan, Esq., Appellant,
v.
ED RICKE AND SONS, INC., a Florida Corporation, Appellee.
No. 82-1314.
District Court of Appeal of Florida, Third District.
July 19, 1983.
Rehearing Denied October 13, 1983.
*26 Feldman, Abramson, Smith, Magidson & Levy and Donald Feldman, Miami, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Richard Sherman, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant, a three-year old child, initially brought suit against Metropolitan Dade County and Florida Gas Company for injuries received when he fell into a deep puddle of boiling water which was discharged from a faulty water heater. That suit was settled. This action was then instituted against the general contractor, Ed Ricke and Sons, Inc. which installed the water heaters, and its insurer United States Fidelity and Guaranty Company, on grounds that the defect which caused the leakage was due to negligent installation.
On a pretrial motion the court entered an order in limine requiring that no party, attorney, witness, or anyone else make known to the jury that there was a prior lawsuit and/or settlement between the plaintiffs and other defendants arising out of the subject accident. Appellee denies the allegations that it violated the order, but contends that even if the allegations were true, the violative statements were innocuous and certainly not so prejudicial as to taint a five-day trial. We consider a few of those violations:
Q. [counsel for appellee] It is during that initial suit that you gave your deposition twice?
A. [Mr. Hargis] Yes.
On another occasion a witness was questioned:
Q. [counsel for appellee] Sir, who first retained you to review some building plans, a contract between HUD and 
Plaintiff's counsel: Excuse me one second before we go any further.
At a side-bar conference, appellee's counsel conceded that he was eliciting from the witness the fact that he was retained as an expert by a prior defendant. The court sustained appellant's objection and admonished appellee's counsel for a second time. Nonetheless, appellee had put before the jury both the fact of a prior lawsuit and the fact that the county, through its agency HUD, was involved.
In closing argument the prejudice was completed:
By counsel for appellee: Now, there's going to be some other person responsible. I would like for you to ask them some questions. I would like for you to ask him [w]hy Dade County is not a Defendant in this litigation.
* * * * * *
Who's blaming everybody? Mr. Feldman.
Who should be here? Dade County.
Mr. Wicker has told you that... .
Marr Plumbing is not here now because Mr. Marr died....
If the housing authority [county] was [sic] here for the design of the project, they would be saying the same thing we are, but they wouldn't be saying the same thing if they were here [for] maintenance.
The cumulative errors complained of here were, as described by Judge Pearson specially concurring in Sharp v. Lewis, 367 So.2d 714, 715 (Fla. 3d DCA 1979), of the "machine gun" variety  a series of errors that well may have taken place over a long *27 period of time but which, when viewed from afar, provide a clear "design". These kinds of errors may be reversible, he opined, even though dispersed throughout a long trial, if they are so strategic in their nature and placement that their cumulative effect upon the jury can be measured. See also Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Groebner v. State, 342 So.2d 94 (Fla. 3d DCA 1977). The "empty chair" arguments in this case violated not only the pretrial order, but also the spirit of Section 768.041(3), Florida Statutes (1981), which provides:
The fact of ... a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.
In Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982), we found error, where appellees had brought to the jury's attention on numerous occasions the fact that certain persons no longer present in the lawsuit had previously been defendants, in violation of Section 768.041(3), even though neither the fact of settlement nor the terms of the agreement were mentioned. By less flagrant but just as effective means, the same was accomplished here. Dade County was not a party to the lawsuit because it had been released, and it was improper to make its absence a feature of the trial.
Appellee's second response is that the errors were waived owing to the nature of appellant's objection and motion for mistrial. Appellant's last motion for mistrial was made during closing argument. With the court's permission, counsel was permitted to elucidate the grounds for the motion after the jury had retired:
Mr. Feldman: Your honor, comes now the Plaintiff and moves that this Honorable Court grant a mistrial and reserve ruling thereon until the jury completes their deliberations.
The grounds of the mistrial being that Your Honor has admonished counsel that there be no reference to a lawsuit against Dade County... .
* * * * * *
The Court: As far as I'm concerned, the empty chair Defendant is a proper argument... .
Motion denied.
Specifically, appellee argues that, by asking the court to "reserve ruling [on the motion for mistrial] until the jury completes their deliberations", appellant's counsel had, in the same breath, both made, then waived, the error. We disagree. Appellant merely invoked the court to do what it was already empowered to do in the face of a motion for mistrial  permit the jury to completely discharge its functions before declaring a mistrial. Cf. Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA), rev. denied, 392 So.2d 1373 (Fla. 1980); Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975); Ditlow v. Kaplan, 181 So.2d 226 (Fla. 3d DCA 1965).[1] We see no reason why it should make a difference on the question of waiver whether the trial court has reserved ruling at the suggestion of the party moving for a mistrial, rather than at its own instance.
More to the point, there could not have been a waiver where, as was the case here, the motion to reserve ruling was unequivocally denied and the motion for mistrial was *28 considered on its merits at the same time and also denied.[2]
Reversed and remanded for a new trial.
SCHWARTZ, Chief Judge (dissenting).
While I agree that defendant's final argument was improper, I believe that the majority's conclusion that the issue was preserved for appellate review is completely wrong. No matter what it was called, a "motion for mistrial," coupled with a request that ruling be postponed until after the verdict so that counsel can tell if he won or lost,[1] is not a motion for mistrial, which requires that the trial be stopped before verdict and begun again, at all; it is a contingent announcement that, if it turns out that the jury finds against him, counsel will move for a new trial on the asserted ground  which is what he did. In turn, the trial judge's disposition of that non-existent "motion" was simply an advisory statement that if the jury so finds and plaintiff's counsel so moves, he would deny the motion  which is what he did, too. In sum, there is no such thing as a reserved motion for mistrial, which is a classic contradiction in terms. The plaintiff therefore did not conform with the requirement that a "real" motion for mistrial be made below to raise such a question on appeal. E.g., H.I. Holding Co. v. Dade County, 129 So.2d 693 (Fla. 3d DCA 1961), cert. denied, 133 So.2d 646 (Fla. 1961).
Viewed from a broader perspective, the very reasons for requiring contemporaneous and assertive preservation of error are (a) to obviate the necessity of a new trial (and perhaps another appeal)[2] which would be required if the alleged error is presented only after the first one had already been completed, Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980); and (b) to preclude an attorney from sandbagging the court and his opponent by postponing his motion on the basis of how he believes the trial is going, and, even more, by how it comes out. State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Murray-Ohio Manufacturing Co. v. Patterson, 385 So.2d 1035 (Fla. 5th DCA 1980). The presentation and acceptance of the present contention on appeal, with the result that a new trial must be conducted, runs directly contrary to each of these purposes. It is therefore clear that the motion, statement, or whatever made by plaintiff's counsel did not preserve the issue for review, Earl Hollis, Inc. v. Fraser Mortgage Co., 403 So.2d 1038 (Fla. 4th DCA 1981),[3] *29 and that the issue is controlled by the host of cases which hold that a non-fundamental[4] error in final argument is deemed to be waived when, as here, it is effectively presented for the first time in a post-verdict motion for new trial. Sears, Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983), and cases cited.[5] In this case, when the waiver was actually an express,[6] rather than only an implied one, it is all the more clear that affirmance is required.
NOTES
[1] On this point, which is purely academic, we analogize from the cited cases which involve motions for directed verdict. If a trial court reserves ruling on a motion for mistrial until after a jury verdict, and then grants a new trial on the grounds asserted in the motion for mistrial, that new trial order is reviewable on appeal. If it is determined by the reviewing court that the trial court erred in granting a new trial and that the jury verdict should stand, all concerned would have been spared the time and expenses of a second trial.

A stronger argument could be made that a movant for a mistrial has waived the error complained of where the court, on the movant's motion, reserves ruling on the motion for mistrial until after a jury verdict, then denies it. The effect is, it might be argued, as if the motion had been made and then withdrawn. Unless the court has committed itself to granting the motion for mistrial, see Dysart v. Hunt, 383 So.2d at 260 n. 1, the request to reserve ruling is a gamble at best.
[2] We respectfully disagree with the majority holding in Earl Hollis, Inc. v. Fraser Mortgage Co., 403 So.2d 1038 (Fla. 4th DCA 1981) to the extent that it would require a different result, and agree with the dissenting opinion of Chief Judge Letts.
[1] At oral argument, counsel readily and forth-rightly conceded that he acted as he did because he simply did not want a mistrial (this was the second actual trial of this case within the week; the first one had really mistried), much preferring (and expecting) to receive a jury verdict in his favor without trying the case still again. While this candor is indeed commendable, the fact remains that trying cases requires that chances be taken and decisions be made. Indeed, the accepted definition of a waiver is "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). By his own admission, counsel did exactly that by knowingly giving up his right to a mistrial to gain the hoped-for advantage of a verdict for his client in the present one. The plaintiff should be held to the consequences of his reasoned, if ultimately incorrect, decision in that regard. Finally, the rule against taking two bites at the apple applies just as much when two obvious sets of teeth marks in the Macintosh are voluntarily displayed, as when little nibbles are kept from our view.
[2] It is on this basis that the Dysart, Freeman and Ditlow cases, cited by the court, are totally inapplicable. Each of them involves a question, such as the sufficiency of the evidence to support a verdict, which would be settled, one way or the other, by a single verdict or a single appeal. In those situations, it is appropriate for the trial court, as a matter of proper judicial administration, to reserve ruling to see if the jury will itself resolve the issue. This practice has no pertinence whatever to what is or should be a motion for mistrial, which by definition requires a new proceeding if not timely asserted and ruled upon  just as the majority has mandated here.
[3] While, for obvious reasons, I prefer the majority holding in the Earl Hollis case, I point out that even the dissent of the redoubtable Judge Letts does not support the court's decision here. It states that no motion for mistrial was either made or required, citing earlier decisions involving final arguments which were fundamentally improper. I do not read Judge Ferguson's opinion to hold that the remarks in this case fall into that category, as, in fact, they do not.
[4] Ibid.
[5] I believe the majority opinion is in conflict not only with the Earl Hollis case, as it acknowledges, but with our very recent decision in Sears, Roebuck and the numerous cases it relies upon.
[6] Note 1, supra.