458 So.2d 778 (1984)
CENVILL COMMUNITIES, INC., etc., et al., Appellants,
v.
Mary C. PATTI, etc., Appellee.
No. 83-1914.
District Court of Appeal of Florida, Fourth District.
October 3, 1984.
Rehearing and Certification Denied December 5, 1984.
*779 Hamilton, James, Merkle & Young, West Palm Beach, and Larry Klein, West Palm Beach, for appellants.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellee.
HERSEY, Judge.
Following a jury verdict favorable to Century Village and Cenvill Communities, Inc., a new trial was granted because of a reference by Cenvill's attorney during opening statement to a claim that had been made by Patti, plaintiff below and appellee here, against an individual not a party to this litigation.
Alfred Patti, while walking in Century Village, was struck and killed by a car driven by Clarence Hoffman. A suit against Hoffman was settled for $45,000. Mary C. Patti's amended complaint for the wrongful death of her husband, against Century Village and Cenvill Communities, Inc., the owner of the roadway and adjacent property on which Mr. Patti was walking, alleged negligence in failing to provide safe pedestrian thoroughfares in and around the development site. Cenvill answered, denying the charges and asserting affirmative defenses, including the defense that the "accident ... and the damages resulting therefrom were caused solely by the negligence of a third party, one Clarence Hoffman, for which these defendants have no liability or responsibility."
A pretrial motion in limine requested that Cenvill be ordered to refrain from making any reference to "any prior or subsequent claims, suits or settlements arising out of this collision." At the hearing on this motion, counsel for Cenvill argued that the claim against Hoffman was material and relevant in light of the "intervening cause" defense, and that to exclude mention of the claim against him might lead the jury to conclude that Hoffman was not at fault. Counsel for Patti maintained that any mention of a prior suit or settlement should be ruled inadmissible, to which the defense responded "the only question I would have is to the plaintiff herself, did she in fact make a claim against Mr. Hoffman in this accident." The court decided that "before you do, why don't you approach the bench and we will determine the way the question is worded. The way the question is worded it might be offensive." The court later stated that the defense may not make such an inquiry, stating "that is my ruling at this time." Shortly thereafter, during his opening statement, Cenvill's counsel said "and indeed, we expect the evidence and testimony in this case will reflect Mrs. Patti made a claim against Mr. Hoffman as a result of this accident."
Patti's motion for mistrial, made at the conclusion of the opening statement, was denied. The trial judge found the statement "harmless," deciding against instructing the jury on it (although no instruction had been requested). The court again admonished the defense not to make comments regarding a claim without first proffering it to the court.
The trial continued, with emphasis on the issue of whether Hoffman's actions constituted an "intervening cause." At its conclusion, resulting in a verdict favorable to defendants, Patti's motion for new trial was granted on the basis of the statement in opening argument regarding a "claim."
In its amended order granting new trial the lower court set forth the reasons for its action, stating:
1. The cumulative effect of defense counsel's statements and arguments violated the spirit and interest [sic] of Section *780 768.041(3), Florida Statutes Annotated.
2. Defense counsel's improper argument in reference to the previous defendant was highly prejudicial to the plaintiff and irrelevant to the issues in the case.
3. The cumulative effect of defense counsel's arguments was so prejudicial to the plaintiff and misleading for the jury, that a new trial is the only adequate cure in light of justice.
4. That plaintiff made timely objections in light of judicial economy to preserve her right to a new trial.
5. That plaintiff filed a Motion in Limine to emphasize to defendants the importance of excluding such references of [sic] the claim against Clarence Hoffman, because of their prejudicial effect.
6. That Green v. Ricke, 438 So.2d 25 (Fla. 3d DCA 1983) is on all fours with the present case in that making the empty chair argument, following an improper reference to a prior claim, is absolute reversible error. In the Green case, like the instant case, there was also a Motion in Limine which the defense counsel violated.
Section 768.041, Florida Statutes (1983), states:
(1) A release or covenant not to sue as to one tortfeasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tortfeasor who may be liable for the same tort or death.
(2) At trial, if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.
(3) The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.
In City of Coral Gables v. Jordan, 186 So.2d 60 (Fla. 3d DCA 1966) the court noted that this provision implements public policy in favor of settlements and the avoidance of litigation. In Jordan, the plaintiff's decedent was a passenger on a motorscooter involved in an accident which killed him and injured the driver. In an action against the city, plaintiff's counsel asked the driver, a witness, whether he had settled claims against the city, to which the driver replied that he had. The court found that this constituted reversible error because "when the jury became aware that the city had settled the claims with [the driver] ... appellant's defense that [the driver] was the sole cause of the accident evaporated." Id. at 63. The court further explained, "it is a practical impossibility to eradicate from the jury's minds the consideration that where there has been a payment there must have been liability." Id. at 63 (citing Fenberg v. Rosenthal, 348 Ill. App. 510, 109 N.E.2d 402, 405 (1952)).
Had the instant comment regarding a "claim" having been made by Patti against Hoffman referred instead to a "settlement," this case would clearly fall within the statute and the Jordan analysis. Cenvill questions, however, whether the mere mention that a "claim" was made necessarily infers a settlement, as appellees argue it does. Mention of a "claim" does not come within the specific prohibition against "revealing the fact of release or covenant, or that any defendant has been dismissed" referred to in Section 768.041(3). Appellees urge us to adopt the trial court's reasoning that the statement is nevertheless inadmissible as it violates the "spirit" of the statute, in that where a claim has been made the inference arises that a settlement has been reached. Patti analogizes this to the violation found in Green v. Ed Ricke and Sons, Inc., 438 So.2d 25 (Fla. 3d DCA 1983), in which the court found cumulative errors resulting in reversal, stating "Dade County was not a party to the lawsuit because it had been released, and it was improper to make its absence a feature of the trial." Id. at 27.
The point is well taken that, in Green, the statements appear innocuous when considered *781 separately, but when taken together made the release "a feature of the trial." We find the present case to be distinguishable, however, since the affirmative defense of an intervening cause justified reference to and made relevant the issue of Hoffman's liability. Moreover, although plaintiff's counsel objected to references to the Patti "claim" against Hoffman during opening argument, no objection was made to use of that term during closing argument. The trial court found the initial reference so innocuous as to be harmless, not even requiring a curative instruction.
We recognize that a stronger showing is required to reverse an order allowing a new trial than to reverse an order denying a motion for new trial. Fordham v. Carriers Ins. Co., 370 So.2d 1197 (Fla. 4th DCA), cert. dismissed, 392 So.2d 1374 (Fla. 1980). Nevertheless, we feel that burden has been met by appellants and that granting a new trial under these circumstances was an abuse of discretion.
We therefore reverse and remand for entry of a final judgment in accordance with the jury verdict.
REVERSED and REMANDED.
GLICKSTEIN and DELL, JJ., concur.