468 So.2d 908 (1985)
ED RICKE AND SONS, INC., a Florida Corporation, Petitioner,
v.
Demetrius Octavius GREEN, a Minor, By and Through His Guardian of the Property, Edward P. SWAN, Esq., Respondent.
No. 64483.
Supreme Court of Florida.
March 28, 1985.
Rehearing Denied June 4, 1985.
*909 Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, and Richard A. Sherman of the Law Offices of Richard A. Sherman, Fort Lauderdale, for petitioner.
Sam Daniels and Patrice A. Talisman of Daniels & Hicks, and Feldman, Abramson, Smith, Magidson & Levy, Miami, for respondent.
ADKINS, Justice.
We review the opinion of the Third District Court of Appeal in Green v. Ed Ricke and Sons, Inc., 438 So.2d 25 (Fla. 3d DCA 1983), which directly conflicts with Earl Hollis Inc. v. Frasier Mortgage Co., 403 So.2d 1038 (Fla. 4th DCA 1981), on the same point of law. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On March 13, 1977, three-year-old Demetrius Green was scalded over most of his body when he fell into a deep puddle of boiling water. The water had accumulated from a drip pipe which discharged superheated water from a hot water heater. Ed Ricke and Sons, Inc., installed the water heater. Dade County was responsible for maintaining the water heater. Prior to this suit, Green sued Dade County. That suit was settled in 1979. Therefore, when this action was tried in 1982, an order in limine was entered to the effect that no party, attorney or witness was to make known to the jury that there had been a prior lawsuit and/or settlement between Green and Dade County.
Plaintiff alleges that defendant violated this order on numerous instances. We agree.
The most flagrant violation of the order occurred during closing argument when defense counsel made the following comments:
Now, there's going to be some other person responsible. I would like for you to ask them some questions. I would like for you to ask him [w]hy Dade County is not a defendant in this litigation.
Plaintiff made a motion for a mistrial during closing argument. With the court's permission, counsel was allowed to elucidate the grounds for a motion after the jury retired.
Plaintiff's counsel: Your Honor, comes now the Plaintiff and moves that this Honorable Court grant a mistrial and reserve ruling thereon until the jury completes their deliberations.
The grounds of the mistrial being that Your Honor has admonished counsel that there be no reference to a lawsuit against Dade County... .
The Court: As far as I'm concerned, the empty chair defendant is a proper argument... .
Motion denied.
The jury returned a verdict in favor of defendant. Plaintiff appealed. The Third District Court of Appeal reversed and remanded for a new trial on the grounds that defendant's comments violated the order in limine and that plaintiff did not waive his right to a new trial by requesting the court to "reserve ruling [on the motion for mistrial] until the jury completes their deliberations."
The issue to be decided is whether a party waives his right to a mistrial by coupling his motion with a request that the court reserve ruling on the motion until after the jury deliberates.
We agree with both the majority and dissent below that defense counsel's closing argument was highly prejudicial and improper. The closing argument was not just a traditional empty chair argument. Defense counsel did more than simply argue that Dade County was responsible for the accident. Rather, defense counsel emphasized that there had been a prior suit against that empty chair.
Defendant contends that plaintiff waived his right to a mistrial by coupling his motion with a request that the court reserve ruling on the motion until after the jury deliberates. In Earl Hollis Inc. v. Frasier Mortgage Co., 403 So.2d 1038 (Fla. 4th DCA 1981), the Fourth District Court of Appeal held that such a request constitutes a waiver. In this case, the Third District *910 Court of Appeal held that such a request is merely a valid motion for a mistrial. Green v. Ed Ricke and Sons Inc., 438 So.2d 25 (Fla. 3d DCA 1983).
We hold that a motion for a mistrial coupled with a request that the court reserve ruling on the motion does not constitute a waiver and therefore prohibit appellate review of the motion. Thus, we approve of Green, and disapprove of Earl Hollis.
As evidenced by the contrast between the majority and dissent in the lower court opinion, it is unclear whether a trial court judge currently possesses the power to reserve ruling on a motion for a mistrial until after the jury returns its verdict. In holding that the plaintiff did not waive his right to a mistrial, the Third District Court of Appeal noted that the plaintiff merely invoked the court to do what it was already empowered to do in the face of a motion for a mistrial  permit the jury to completely discharge its functions before declaring a mistrial. In support of that proposition, the court cited Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA), rev. denied, 392 So.2d 1373 (Fla. 1980); Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975); and Ditlow v. Kaplan, 181 So.2d 226 (Fla. 3d DCA 1965). However, the use of these cases to support the contention that a judge is empowered to reserve ruling on a motion for a mistrial is questionable since the cited cases deal with motions for a directed verdict as opposed to motions for a mistrial. We now explicitly hold that the trial court has the power to wait until the jury returns its verdict before ruling on a motion for a mistrial. A motion for a mistrial coupled with a request that the court reserve ruling until after the jury deliberates is simply a motion for a mistrial, and, if properly made, deserves full consideration at both the trial court and appellate level.
The trial court judge may, in his or her sound discretion, determine whether to rule on a motion for a mistrial immediately or reserve ruling until after the jury deliberates. However, this discretion must be exercised in accordance with precepts of judicial economy. When, as here, the prejudicial comments occur during closing argument, it is quite reasonable for a trial judge to reserve ruling until after the jury deliberates in the hope that the jurors can rise above the alleged prejudice and cure the error. If the verdict cures the error, the court will save the expenditure of additional time, money and delay associated with a new trial. On the other hand, if the judge, after the verdict, incorrectly grants the motion for mistrial and orders a new trial, that order is reviewable on appeal. The appellate court could then reverse the order granting the new trial and order the trial court to enter a judgment on the jury verdict.
The power of a trial court judge to reserve ruling on a motion for a mistrial will not only conserve judicial resources but may also operate to prohibit a wrongdoer from profiting from his intentional misconduct. Unfortunately, it is common practice for some trial attorneys to make prejudicial remarks during closing argument when the posture of his case is doubtful. In these instances, the opposing counsel is forced to make a motion for a mistrial. The trial judge will then order a new trial. Thus, the offending counsel has a second opportunity to try the case and the aggrieved party has little solace but the afforded remedy of beginning all over again. Now that it is clear that a trial judge may wait until after the jury deliberates before ruling on a motion for a mistrial, the incentive to intentionally make prejudicial remarks during closing argument will be minimized.
We refuse to change the general procedure that must be followed in order for a party to preserve a motion for a mistrial for appellate review. Unless the improper argument constitutes a fundamental error, a motion for a mistrial must be made "at the time the improper comment was made." Clark v. State, 363 So.2d 331 (Fla. 1978); See also State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Murray-Ohio Manufacturing Co. v. Patterson, 385 So.2d 1035 (Fla. 5th DCA 1980); Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 *911 (Fla. 3d DCA 1983). However to avoid interruption in the continuity of the closing argument and more plainly to afford defendant [or plaintiff] an opportunity to evaluate the prejudicial nature of the objectionable comments in the context of the total closing argument, we do not impose a strict rule requiring that a motion for mistrial be made in the next breath following the objection to the remark. Cumbie, 380 So.2d at 1033.
Ricke contends that the record on appeal was insufficient to determine whether the alleged prejudicial comments constituted reversible error. Green ordered the clerk to designate eight portions of the transcript as the record on appeal.
Florida Rule of Appellate Procedure 9.200(b)(1) provides in part: "Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings." Florida Rule of Appellate Procedure 9.200(f)(2) provides in part: "If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record."
In this instance, Ricke failed to designate additional portions of the transcript, thereby admitting nothing else was necessary, and the court did not order supplementation thereby concluding that nothing else was necessary. Thus, the record on appeal was sufficient to support a finding of reversible error.
In summary, we conclude that a motion for a mistrial coupled with a request that the court reserve ruling until the jury completes their deliberations is merely a motion for a mistrial. Any ruling on such a motion is preserved for appellate review. The judge may, at his discretion, order a new trial immediately following the motion for a mistrial or reserve ruling on the motion until after the jury deliberates. However, such a power is limited and must be based upon notions of judicial economy. Further, the record on appeal was sufficient to determine that reversible error existed.
Accordingly, the opinion of the Third District Court of Appeal is approved.
It is so ordered.
BOYD, C.J., and ALDERMAN, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, dissenting.
The trial judge should not be reversed in this cause. He denied a motion for mistrial because he found that defense counsel's comments were proper and did not warrant a mistrial. Considering the totality of the circumstances and the issues at trial, I find no basis to reverse his finding. To do so would require finding an abuse of discretion which does not exist.
The chief complaint about defense counsel's argument in this case surrounds the statement: "I hope you will ask or in some way Mr. Feldman will tell you why Dade County isn't here when all the witnesses say they were responsible for it." There was no objection to this statement when uttered. Another counsel for the defense argued after this, but no objection to his argument was made. Only after the jury retired (and incidentally when a curative instruction would accomplish nothing) was an objection raised. The motion for mistrial was equivocal, with counsel asking the judge to deny ruling on the motion until after return of a verdict. Counsel stated: "If you are not inclined to reserve ruling on such a motion, then I would not pursue it, because I think that would simply allow the defendant to take advantage, essentially, of his own misconduct at this point. But it depends on what the court is inclined to do with the motion." The court responded: "It is denied."
The plaintiff sought to recover for injuries caused in 1977 by the alleged negligent installation of a water heater in 1966. Two defenses were raised: no negligence and that the acts of the defendant were not the legal cause of the condition causing the injury. In this regard the defendant properly urged that the conduct of the owner of *912 the premises in reference to the maintenance of the water heater caused the injury. The contractor had a right to urge this defense even though the landowner (Dade County) had settled the claim against it. The contractor did not advise the jury of any settlement.
Plaintiff's counsel stated in open court: We would be very much willing to stipulate that the area in question was subject to abuse by residents, tenants, or third parties unknown and known and that the door was taken off and many and other things were done to the water heater over the years as it existed in the Scott Project.
Clearly, a predicate exists for the contention that the intervening negligence of others caused the injuries. The comments of plaintiff's counsel invited attention to the claim that the fault lies with Dade County and not with the installation which had occurred eleven years earlier.
Generally, a mistrial should be granted only when such a fundamental or prejudicial error has been committed that a new trial would be required later. Perry v. State, 146 Fla. 187, 200 So. 525 (1941). The mere fact of an impropriety occurring will not justify granting a motion for mistrial unless the impropriety makes a fair or impartial trial impossible. If the trial judge determines that the impropriety does not do substantial harm to the complaining party, the motion should be denied. The motion is properly denied where the matter on which the motion is based is rendered harmless by a curative instruction. Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982). Moreover, as a rule, the right to declaration of a mistrial may be waived. Therefore, a motion for a mistrial should be made at the occurrence of the conduct complained of in order to be timely. State v. Prieto, 439 So.2d 288 (Fla. 3d DCA 1983), review denied, 450 So.2d 488 (Fla. 1984); Robinson v. State, 145 So.2d 561 (Fla. 3d DCA 1962).
Because the trial judge ruled on the motion for mistrial in this cause we need not address the issue of whether it was a valid or timely motion. We should, however, clearly rule that a motion for mistrial must be both unequivocal and timely so that in most instances any harm caused by trial conduct can be cured by a proper instruction or admonishment to the jury.
We should also direct the district court to affirm the trial judge in this case. Any fault of the defendant in this case was nebulous and remote. It is highly unlikely that defense counsel's comments tainted the jury's verdict.
I am in hearty accord with Judge Schwartz's view on the requirements of a timely and unequivocal motion for mistrial. That policy should be adhered to. The opinion of the district court should be quashed with directions to affirm the final judgment.
OVERTON, J., concurs.