JORGENSON, Judge.
The guardian for Demetrius Green, a minor, appeals from a final summary judgment in favor of Ed Ricke and Sons, Inc., in an action for negligence in performing general contracting duties. Ricke cross-appeals an order denying its motion for summary judgment on alternative grounds. For the following reasons, we reverse in part, affirm in part, and remand.
In 1977, Green was seriously burned when he fell into a deep puddle of boiling water which was discharged from a faulty Vulcan water heater located in building # 37 at the James E. Scott housing project. Green’s complaint alleged that in January, 1966, Ricke contracted with the Dade County Housing Authority to convert Vulcan water heaters from solar power to gas at the Scott Homes project. Green further alleged that the water heater in building # 37 was negligently installed and that this negligence caused his injury. Ricke answered and pled that it was without knowledge as to who installed the defective heater.
In 1981, Ricke moved for summary judgment on the basis of the Slavin doctrine,[1] arguing that, although it installed the gas distribution system at the project, this work was turned over to, and accepted by, Dade County prior to the accident, relieving it of liability. The trial court denied the motion for summary judgment.
Prior to the first trial, L.R. Hargis, the former director of maintenance for Dade County Housing, was deposed. Hargis testified that the water heaters installed by Ricke and maintained by the County were Vulcan water heaters and that they had been installed for all of the work done on the project.
At trial in 1982, Ricke’s attorney read Mr. Hargis’s deposition testimony into evidence. He also requested two jury instructions, which the court gave, that stated that the issues for determination were whether Ricke was negligent with respect to the installation of the water heater and whether, after the installation by Ricke, there was any intervening and supervening negligence.
The jury returned a verdict for Ricke. On appeal, this court reversed and remanded for a new trial finding that Ricke’s attorney violated an order in limine. Green v. Ed Ricke & Sons, Inc., 438 So.2d 25 (Fla. 3d DCA 1983). In so ruling, this court stated: “This action was then instituted against the general contractor, Ed Ricke and Sons, Inc., which installed the water heaters ... on grounds that the defect which caused the leakage was due to the negligent installation.” Id. at 26. The Florida Supreme Court affirmed, Ed Ricke *1103 & Sons, Inc. v. Green, 468 So.2d 908 (Fla.1985), and the case was remanded for a new trial.
The second trial commenced on April 7, 1986. Ed Ricke took the same position in opening statement that it took at the first trial, namely that it was not negligent in installing the water heater. Then, three days into the trial, Ricke’s expert presented evidence that another construction company, Joyner, had performed the installation for the water heater in question.[2] Ed Ricke also contended that it had just found the permits for the work done on building # 37. Green moved for and was granted a mistrial. Green then asked this court to enforce its mandate, alleging that our prior decision and the Supreme Court’s decision established law of the case and, alternatively, that Ricke was estopped to deny the fact that it had installed the water heater. This court denied Green’s motion, finding no showing of noncompliance with the mandate.
A third trial was set for February, 1989. Ricke moved for summary judgment, alleging that there was undisputed evidence that it had not done the work complained of and, alternatively, that it was not liable under the Slavin doctrine. The trial court entered summary judgment in Ricke’s favor, finding no genuine issues of material fact on the issue of who installed the water heater. The trial court denied summary judgment on Ricke’s alternative theory.
The trial court erred in entering summary judgment as Ricke was estopped from introducing evidence inconsistent with the earlier position in the litigation. It is well settled that:
[A] party, who in an earlier suit on the same cause of action, or in an earlier proceeding setting up his status or relationship to the subject-matter of his suit, successfully assumes a factual position on the record to the prejudice of his adversary, whether by verdict, findings of fact, or admissions in his adversary’s pleadings operating as a confession of facts he has alleged, cannot, in a later suit on the same cause of action, change his position to his adversary’s injury, whether he was successful in the outcome of his former litigation or not.
Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77, 148 So. 544, 549 (1933) (citations omitted). This rule of estoppel forbids the assertion of inconsistent positions in litigation. It is difficult to imagine a case to which estoppel would more clearly apply. Green filed a complaint against Ricke in May, 1980, eleven months before the statute of limitations ran. Ricke answered that it was without knowledge as to whether it installed the water heater and, in the first trial, never defended on the ground that it had not installed it. In fact, Ricke asked the court to instruct the jury in the first trial that it had installed the heater and maintained this position on appeal and during its opening statement in the second trial. Then, six years after suit was filed and five years after the statute of limitations had run, Ricke changed its position based upon “newly discovered evidence” [3] which absolved it from liability.
Ricke had a full and fair opportunity to litigate the issue of who installed the water heater. Having elected not to dispute this issue at the first trial or on appeal, Ricke is precluded from offering evidence that it did not install the heater in question. Our decision is in keeping with this court’s condemnation of a “gotcha school of litigation.” Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla.1979). See also Sobel v. Jefferson Stores, Inc., 459 So.2d 433 (Fla. 3d DCA 1984).
Accordingly, we reverse the order of summary judgment that was based upon *1104 evidence introduced by Ricke that was inconsistent with Ricke’s prior position.
On Ricke’s cross-appeal, we affirm the trial court’s order denying summary judgment based on the Slavin doctrine.[4] The work in question was the installation of a gas water heater system. Florida courts have consistently held that instru-mentalities connected with gas are inherently dangerous. Seitz v. Zac Smith & Co., 500 So.2d 706 (Fla. 1st DCA 1987); Farber v. Houston Corp., 150 So.2d 732 (Fla. 3d DCA 1963). This case falls within the exception to Slavin, and the trial court correctly denied the motion.
Affirmed in part, reversed in part, and remanded for further proceedings.

. Slavin v. Kay, 108 So.2d 462 (Fla.1958) (generally, contractor is relieved of liability for injuries to third parties occurring after owner has accepted project if owner could have discovered and remedied dangerous condition). We note that there was no cross-appeal in the initial appellate proceedings on the issue of Slavin.

. Ricke’s superintendent, who oversaw the work done by Ricke, testified at the same trial that Ed Ricke and Sons had installed the heater that injured Green.

. This evidence which Ricke claims to be newly discovered was evidence of public record located in the Dade County Building and Zoning Department. It was not the plaintiffs burden to discover this evidence given the fact that Ricke never alleged that a third party may have been responsible.

. In Florida Freight Terminals, Inc. v. Cabanas, 354 So.2d 1222, 1225 (Fla. 3d DCA 1978), this court defined the Slavin rule as follows: "An independent contractor is not liable for injuries to third parties after the contractor has completed his work and turned the project over to the owner ... and it has been accepted by him unless the parties were dealing with inherently dangerous elements....”