PER CURIAM.
Appellant challenges the trial court’s order granting appellee a new trial in a personal injury action. The trial court ordered a new trial because the appellant’s attorney had questioned a witness about, and had referred in closing argument to, the fact that appellee had filed a claim against the witness. While we agree that the comments were error, we reverse and remand for the trial court to determine whether the comments were harmless upon the record presented.[1]
Appellee was employed at Bobb’s Piano and Organs and regularly assisted in unloading overseas containers that were used to transport pianos. Over the course of eight to ten years, appellee unloaded hundreds of such containers. Usually, four employees would work together to unload pianos. In 1985, appellee was severely injured when a piano he was unloading fell and struck him in the back of his head. The piano was shipped and crated by appellant.
Appellee filed a complaint against several parties, including appellant, and Robert Mes-singschlager. Appellee alleged that appellant breached its duty to safely package and *1096 ship the pianos, causing appellee’s injuries. As to Messingschlager, appellee alleged gross negligence due to Messingschlager’s actual notice of the danger, and his ordering appellant to unload the pianos even though he had full knowledge of such danger.
Prior to the jury trial in this case, appellee settled his claim against Messingschlager. Appellee called Messingschlager to testify on his behalf; and on cross-examination, appellant’s counsel asked the following question: “You yourself got sued by Willie, didn’t you?” Messingschlager responded: “Yes, sir.” Ap-pellee’s counsel immediately moved for a mistrial, which was denied.
During closing argument, appellant’s counsel mentioned to the jury that they were to weigh the believability of the witnesses. One of the factors the jury could consider is whether a witness had an interest in the outcome of the case. Appellant’s counsel posed the following questions: “How about Bob Messingschlager when he was being sued by Willie? Did he have a vested interest? Is he going to say I did something-wrong?” Appellee’s counsel did not object immediately. Rather, at the conclusion of appellant’s closing argument, appellee’s counsel renewed his motion for a mistrial. The trial court again denied the motion for a mistrial.
The jury returned a verdict in favor of appellant. Appellee’s motion for new trial was based upon the trial court’s denial of his motions for mistrial.
Appellee contends that the question posed to Messingschlager about being sued by ap-pellee, and reminding the jury of this fact, violated section 768.041(3), Florida Statutes (1991), which provides: “The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.”
In Cenvill Communities, Inc. v. Patti, 458 So.2d 778, 780 (Fla. 4th DCA 1984), petition for review denied, 467 So.2d 1000 (Fla.1985), this court stated that mention of a “claim” was not prohibited by section 768.041(3) and declined to say that mentioning a claim violated the “spirit” of section 768.041(3), as the third district had apparently done in Green v. Ed Ricke & Sons, Inc., 438 So.2d 25, 27 (Fla. 3d DCA 1983), approved by 468 So.2d 908 (Fla.1985), and Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982).
We view the conduct of the appellant’s counsel here as improper. However, a violation of section 768.041(3) is subject to a harmless error analysis. Rowe v. Leichter, 561 So.2d 647 (Fla. 4th DCA), rev. denied, 574 So.2d 143 (Fla.1990); see also § 59.041, Fla.Stat. (1991). Thus, a violation of the statute does not require an automatic mistrial, or a new trial.[2]
In this case the trial court did not evaluate whether or not this error was harmless. In fact the trial court refused to make a determination of harmfulness. In ruling on the motion for new trial, the judge said “I don’t think the judge really is necessarily in a position to say whether he got a fair trial. I think the judge says was there error committed.” Because the judge did not rule on the harmfulness of the error in light of the entire trial, we reverse and remand for the trial court to consider whether the error was harmless and to enter a new order on the motion after having made that determination.
GLICKSTEIN, WARNER and FARMER, JJ., concur.

. Florida Rule of Civil Procedure 1.530(f) states that the order granting a new trial must "specify the specific grounds therefor.” If it does not, the appellate court must relinquish jurisdiction to the trial court for the purpose of entering an order which properly specifies the grounds. Id. However, in the instant case, the record provides clear evidence that the trial court was granting a new trial on the authority of Green v. Ed Ricke & Sons, Inc., 438 So.2d 25 (Fla. 3d DCA 1983), and Ed Ricke & Sons, Inc. v. Green, 468 So.2d 908 (Fla. 1985) (improper to ask a witness about the fact that he formerly was a defendant in a lawsuit). This court has held that when the trial court provides a full explanation in the record for its decision to grant a new trial, relinquishment of jurisdiction would not be warranted. Zambrano v. Devanesan, 484 So.2d 603 (Fla. 4th DCA), rev. denied, 494 So.2d 1150 (Fla.1986). The transcript of the hearing on the motion for new trial in the instant case clearly demonstrates the grounds for the trial court’s order granting a new trial.

. In Cenvill, the court considered other factors in the case, including the trial court’s finding that the reference to the claim was "so innocuous as to be harmless.” Id. at 781.