HARRIS, Chief Judge.
M.V. Personnel of Florida, Inc. (M.V.) is an employment service providing employees to health related employers. Upon learning that Holmes Regional Medical Center, Inc. (Holmes) was interested in hiring a radiation oncology technologist, M.V. sent Holmes a letter setting forth the terms for its services and referred Paul Crotty for interview.
The letter agreement provided that Holmes would pay a fee to M.V. if (1) Holmes hired Crotty or (2) if Holmes referred Crotty to an affiliate for employment. The letter also required that Holmes maintain the information provided by M.V. in confidence.
Dr. Silas Charles was the medical director of Holmes Radiation Oncology Department. Dr. Charles was also the president of Space Coast Radiation Oncology, Inc., (Space Coast) a company unaffiliated with Holmes that operated a cancer care medical facility in another part of the county. Dr. Charles participated in the Crotty interview because of his position as medical director of the Radiation Oncology Department. Crotty was recommended for employment. Because of certain policy reasons, however, Holmes chose not to employ him.
Dr. Charles, who had become aware of Crotty through the interview process at Holmes, several months later decided to offer Crotty a position with Space Coast. Space Coast contacted Holmes for Crotty’s telephone number and, upon receiving it, entered into an employment agreement with Crotty.
M.V. sued Space Coast and Holmes seeking compensation for the placement of Crotty. The trial court entered judgment against Holmes in the amount of $11,284 together with interest and costs. Holmes appeals; we reverse.[1]
It is without controversy that Holmes did not hire Crotty. Further, the court did not find that Space Coast was an “affiliate” of Holmes. These are the only specific conditions of the “contract” which would make Holmes responsible for paying a “fee” to M.V. The court instead justified the award on the following rationale:
[Sjince the provisions of the agreement which stated “Information about applicant referred by [Plaintiff] is solely for your use and benefit and must not be divulged to anyone outside of your company” was in evidence and also the unobjected to testimony of Carolyn Hall [an employee of Space Coast] that she was given the phone number of the applicant by Bev Topper of the defendant Holmes Regional, the court finds this issue was tried by implied consent.
We disagree. This statement by the trial court makes it clear that M.V. failed to properly plead an action against Holmes for *404 breach of contract based on the violation of the confidentiality term. In fact, it was M.V.’s position in its complaint that Holmes was responsible for the “fee” (not damages) because it referred Crotty to an affiliate company. Because the pleaded cause of action sought a fee based on Holmes’ referral of Crotty to Space Coast, an affiliate, any communication between Holmes and Space Coast was relevant to prove that a reference was, in fact, made. The phone conversation between Topper and Hall was therefore relevant and not subject to objection.
The court held in Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA 1980):
Moreover, the record demonstrates that the evidence relied upon by the plaintiff to support the damage charge and verdict was fully consistent with and pertinent to the plaintiffs position on the issue which was framed by the pleadings and which was actually being tried ... There is no basis for finding that the defendant’s failure to object to that evidence constituted an express or implied consent to try the unpled and quite different damages question so as to invoke the provisions of Fla. R.Civ.P. 1.190(b) ... The case is therefore controlled by the familiar principle expressed in Cortina v. Cortina, 98 So.2d 334 (Fla.1957):
... that a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand; and where, as here, an issue was not presented by the pleadings nor litigated by the parties during the hearing on the pleadings as made, a decree adjudicating such issue is, at least, voidable on appeal.
In our ease plaintiff sought a “fee” for providing an employee to Holmes or its affiliate; the court instead awarded damages based on an unpled breach of the contract’s confidentiality clause. Because we find this issue was not tried by consent, we REVERSE.
W. SHARP, J., concurs.
GRIFFIN, J., dissents, without opinion.

. M.V.'s cross-appeal regarding attorney's fees is moot based on our holding that M.V. is not the prevailing party.