SCHWARTZ, Chief Judge.
At the conclusion of all the evidence in the plaintiffs malpractice case against Dr. Lee Abramsohn and Dr. Gregory Fox, the trial judge reserved ruling on Fox’s motion for directed verdict, stating that while she believed that he was indeed entitled to judgment, she would postpone ruling until the verdict was returned.[1] After the jury found for the plaintiff against both physicians with Dr. Abramsohn 70% and Dr. Fox 30% liable, the court, true to its word, granted the motion and entered judgment for Dr. Fox accordingly.[2] The plaintiff appeals but we affirm.
On the merits, we agree that the plaintiffs case against Dr. Fox was insufficient as a matter of law as to both of the acts of malpractice with which he was charged:
(a) The claim that Dr. Fox had departed from reasonable standards of practice in not ordering a particular x-ray was not supported by expert (or any other) evidence that his failure to do so fell below the pertinent standard of care.[3] Accordingly, there was not so much as a prima facie case of liability presented against the appellee in this respect. Robbins v. Newhall, 692 So.2d 947 (Fla. 3d DCA 1997), review denied, 699 So.2d 1375 (Fla.1997); Doctors Memorial Hosp., Inc. v. Evans, 543 So.2d 809 (Fla. 1st DCA 1989); Del Canal v. Santos, M.D., 495 So.2d 1218 (Fla. 3d DCA 1986); Weems, M.D. v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1221 (Fla.1978); Memorial Hosp. v. Doring, 106 So.2d 565 (Fla. 2d DCA 1958).
(b) While there was testimony that certain antibiotics were prescribed in an improperly inadequate quantity, the record conclusively established that Dr. Abram-sohn, and not Dr. Fox, was responsible.[4] Hence, no triable issue existed against Dr. Fox on this ground either.[5]
We also find no merit in the plaintiffs alternative, procedural argument for reversal. See M-5 Communications, Inc. v. ITA Telecommunications, Inc., 708 So.2d 1039 (Fla. 3d DCA 1998); Ole, Inc. v. Yariv, 566 So.2d 812 (Fla. 3d DCA 1990); Sobel v. Jefferson Stores, Inc., 459 So.2d 433 (Fla. 3d DCA 1984). See generally Pascual v. Dozier, 771 So.2d 552 (Fla. 3d DCA 2000); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla.1979).
Affirmed.

. We again commend this practice. Dysart v. Hunt, 383 So.2d 259, 260 n. 1 (Fla. 3d DCA 1980), pet. for review denied, 392 So.2d 1373 (Fla.1980); Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975); Ditlow v. Kaplan, 181 So.2d 226 (Fla. 3d DCA 1965).

. Dr. Abramsohn’s post-trial motions were denied.

. There was, in contrast, expert testimony both that Dr. Fox’s conduct was appropriate and that Dr. Abramsohn’s, in this and several other respects, was not.

. See supra note 3.

. Our holding that the evidence was insufficient to establish that Dr. Fox's conduct breached the applicable standard of care renders it unnecessary to reach any of the other grounds asserted for affirmance on the merits.